IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 6, 2004

## KENNETH SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Fayette County**
**No. 4482    Jon Kerry Blackwood, Judge**

---

**No. W2003-01618-CCA-R3-PC  - Filed May 6, 2004**

---

The Appellant, Kenneth Smith, appeals the Fayette County Circuit Court's denial of his petition for post-conviction relief.  On appeal, Smith argues that he received the ineffective assistance of counsel.  Having reviewed the record, the briefs of the parties, and the applicable law, we conclude that Smith's post-conviction petition was time-barred. Because we are without jurisdiction, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**.

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Thomas M. Minor, Somerville, Tennessee, for the Appellant, Kenneth Jermaine Smith.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Kathy D. Aslinger, Assistant Attorney General; Elizabeth T. Rice, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### Factual Background

On December 5, 1997, the Appellant was convicted by a Fayette County jury of possession of marijuana with intent to deliver and possession of drug paraphernalia and, following a sentencing hearing, received an effective four-year sentence. *State v. Kenneth Jermaine Smith*, No. 02C01-9808-CC-00256 (Tenn. Crim. App. at Jackson, June 17, 1999).  On appeal, this court found that the evidence was sufficient to support the Appellant's convictions. *Id*.

The Appellant subsequently filed a petition for post-conviction relief attacking his convictions, upon grounds that he was denied the effective assistance of counsel. The post-conviction court conducted a hearing, at which it received the testimonial evidence of the Appellant and his former counsel. At the conclusion of the hearing, the post-conviction court denied relief.

The Appellant, proceeding *pro se*, appealed. A panel of this court, without reviewing the merits of the petition, vacated the judgment of the post-conviction court because there was nothing in the record to establish that the Appellant's court-appointed counsel was allowed to withdraw or that the Appellant waived the assistance of counsel. *Kenneth Smith v. State*, No. W2001-02088-CCA-R3-PC (Tenn. Crim. App. at Jackson, Nov. 14, 2002). The issue of timeliness of the petition was not raised by the State at that time, the only issue being the Appellant's entitlement to counsel on appeal. *Id*. Upon remand, the trial court reinstated the order dismissing the petition for post-conviction relief, and counsel was appointed to represent the Appellant on appeal. The Appellant, represented by counsel, again appeals, arguing that he was not afforded the effective assistance of counsel.

## ANALYSIS

Our review of this case begins with examination of an issue raised by the State for the first time on appeal, that being the question of the timeliness of the petition. The petition reflects that it was sworn to on July 17, 2000, and a certificate of service was executed by the Appellant on this same date. The copy of the post-conviction petition that is in the appellate record does not bear a file stamp. This court's opinion in the Appellant's direct appeal was filed on June 17, 1999. On June 23, 1999, counsel filed a motion to withdraw pursuant to Rule 14, Rules of the Tennessee Supreme Court, and complied with the requirements contained therein. After taking judicial notice of the record of the Appellant's direct appeal, we are able to determine that no permission to appeal was filed. Accordingly, the Appellant's conviction became final on June 17, 1999, when the Court of Criminal Appeals affirmed the Appellant's convictions, as this was the final action of the highest state appellate court to which an appeal was taken. Thus, under Tennessee Code Annotated § 40-30-102(a) (2003),[1] the Appellant had until June 17, 2000, to file a petition for post-conviction relief. A petition shall be verified under oath prior to its filing. Tenn. Code Ann. § 40-30-105(e) (2003). Because the petition was not signed or sworn to until one month after the statute of limitations ran, the Appellant's petition is necessarily time-barred.

---

[1]This section, in pertinent part, states:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.

Given the post-conviction statute's language conferring jurisdictional import to the timely filing of a petition, it is essential that the question of timeliness be resolved before any adjudication on the merits of the Appellant's petition may properly occur. *State v. Antonio L. Saulsberry*, No. W2002-02538-CCA-R3-PC (Tenn. Crim App. at Jackson, Feb. 9, 2004) (citing Tenn. Code Ann. § 40-30-102(b) (2003); *John Parker Roe v. State*, No. W2000-02788-CCA-R3-PC (Tenn. Crim. App. at Jackson, Nov. 20, 2002), *perm. app. denied* (Tenn. 2003)). If a petition is not filed within the one year statute of limitations, it nevertheless may be considered if its allegations fall within three rather narrow exceptions:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Tenn. Code Ann. § 40-30-102(b)(1)-(3). Additionally, due process may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

In many cases that have come before the appellate courts in which the Appellant's compliance with the statute of limitations is an issue, the appellate courts have remanded for evidentiary hearings. *See, e.g., Butler v. State*, 92 S.W.3d 387, 390 (Tenn. 2002). Unlike the typical case, there is no question in this case whether the Appellant has actually complied with the statute of limitations or has conformed to the prison mailbox rules. *See* Tenn. R. Sup. Ct 28, § 2(G); *John Parker Roe*, No. W2000-02788-CCA-R3-PC; *see generally Butler*, 92 S.W.3d at 390. The Appellant was notified by counsel that an Application for Permission to Appeal must be filed within sixty days after entry of the final judgment. At the post-conviction hearing, the Appellant acknowledged that he received this letter; however, no permission to appeal was filed. It is clear from the face of the petition that it was filed outside the one-year statute of limitations. The Appellant has not articulated any facts which, if proven, would afford him any relief from the limitations bar. Moreover, there is no plausible excuse which fits within any of the three statutory

exceptions nor calls for a due process-based waiver of the limitations bar. *See, e.g., Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *State v. Phillips*, 904 S.W.2d 123 (Tenn. Crim. App. 1995). The lack of knowledge of statute of limitations provisions does not excuse late filings. *Barry N. Waddell v. State*, No. M2001-00096-CCA-R3-PC (Tenn. Crim. App. at Nashville, Oct. 17, 2001), *perm. to appeal denied*, (Tenn. 2002). As such, the Appellant's petition was subject to summary dismissal. *See* Tenn. Code Ann. § 40-30-106(b) (2003); *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001) (compliance with statute of limitations is element of right to file petition for post-conviction relief; incumbent upon petitioner to allege either compliance with or tolling of limitations period). The fact that the lower court did not take that action does not allow the Appellant, at this juncture, to avoid operation of the statute of limitations. *Antonio L. Saulsberry*, No. W2002-02538-CCA-R3-PC. As such, his appeal must be dismissed due to the untimeliness of the underlying petition. This court lacks jurisdiction to adjudicate the case.

Paradoxically, we are required to address the issue raised by the Appellant due to the possibility of further appeal of our dismissal of the case. *Antonio L. Saulsberry*, No. W2002-02538-CCA-R3-PC (citing *State v. Pendergrass*, 13 S.W.3d 389, 395 (Tenn. Crim. App. 1999)). The Appellant argues that trial counsel was ineffective in the following ways: (1) trial counsel did not interview the apartment manager, Alice Young, and the tenant of the apartment, Jean Day, prior to trial; (2) trial counsel failed to meet with him a sufficient number of times; and (3) trial counsel failed to file a motion to suppress the evidence against him. In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence the allegations set forth in his petition. Tenn. Code Ann. § 40-30-110(f) (2003). When the Appellant challenges the effective assistance of counsel, he must establish, under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984): (1) deficient representation and (2) prejudice resulting from the deficiency.

Both Alice Young and Jean Day testified at trial. The Appellant offers no suggestion how interviewing these witnesses prior to trial would have affected the outcome of the case. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Additionally, trial counsel testified that he did attempt to contact these witnesses, but they did not return his phone calls. With regard to allegation two, the post-conviction court found that trial counsel met with the Appellant on numerous occasions. The post-conviction court obviously accredited the testimony of trial counsel, and the evidence does not preponderate against this finding. Concerning the Appellant's last allegation, trial counsel testified and the post-conviction court found that, while a written motion to suppress was not filed, an oral motion was made to suppress the evidence discovered during the search of the tenant's apartment, which was denied. Moreover, the post-conviction court observed that it was questionable whether the Appellant, who was not a tenant of the apartment and was, at best, a guest, would have had standing to challenge the search. Accordingly, the Appellant's allegations of ineffectiveness fall far short of clear and convincing evidence.

**CONCLUSION**

Based upon the foregoing, we dismiss the Appellant's appeal because we, like the post-conviction court, lack jurisdiction due to the Appellant's untimely filing of his petition for post-conviction relief. Had we not determined that the petition in this case was untimely, the facts presented would not warrant post-conviction relief.

_____

DAVID G. HAYES, JUDGE