IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 29, 2005

## ROBERT MICHAEL WINTERS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 253857     Rebecca Stern, Judge**

---

**No. E2005-01349-CCA-R3-PC - Filed December 20, 2005**

---

The petitioner, Robert Michael Winters, appeals the summary dismissal of his petition for post-conviction relief. The single issue on appeal is whether the petition was timely filed. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court is Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

Robert Winters, Clifton, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; and Renee W. Turner, Assistant Attorney General for the appellee, State of Tennessee.

### OPINION

In 2000, the petitioner was convicted of first degree premeditated murder, felony murder, and aggravated robbery as the result of the shooting death of Vernise Sheffield, who was killed by a single gunshot wound to the head. The trial court imposed concurrent sentences of life and twelve years for the first degree premeditated murder and aggravated robbery convictions, respectively. On direct appeal, this court reversed the conviction for first degree premeditated murder but affirmed the convictions for aggravated robbery and felony murder. State v. Winters, 137 S.W.3d 641 (Tenn. Crim. App. 2003). On March 22, 2004, our supreme court denied application for permission to appeal.

On April 20, 2005, the petitioner filed a petition for post-conviction relief. While the petitioner acknowledged in the petition that more than one year had passed since the final action of our supreme court, he explained that his tardiness was the result of his trial counsel's failure "to fully give all proper documentation for further appeals or review." The petitioner alleged, among other grounds, that he had been denied the effective assistance of counsel at trial. His primary assertion

was that his trial counsel was deficient by recommending that he reject the state's offer of a plea agreement involving a fifteen-year sentence. The petitioner asserted that he had been dilligent in his preparations for filing the post-conviction petition and specifically blamed his failure to timely file on "his previous attorney [who] has been quite unwilling to provide his paperwork."

On May 9, 2005, the post-conviction court ruled that the petition was barred by the statute of limitations. The trial court pointed out that neither ignorance of the statute of limitations nor the failure on the part of trial counsel to provide a copy of his file qualified as exceptions to the rule. Brown v. State, 928 S.W.2d 453, 455 (Tenn. Crim. App. 1996); State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995). The post-conviction court also ruled that it had no authority to grant the petitioner an extension of time within which to file the petition for post-conviction relief.

In this appeal, the petitioner argues that his petition should be considered timely filed because he believed April 22, 2004, to be the date our supreme court denied his application for permission to appeal. It is his position that if allowed to proceed on his claims, which include ineffective assistance of counsel, newly discovered evidence, prosecutorial vindictiveness, erroneous jury instructions, and the admission of false evidence at trial, he would be entitled to relief. In an accompanying affidavit, the petitioner states that he had not received any notice from his prior counsel or the supreme court clerk regarding the final action of our supreme court and contended that the state would not suffer prejudice if he were granted an exception to the statute of limitations.

The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. On July 1, 1986, the General Assembly adopted a three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, our legislature passed the new Post-Conviction Procedure Act, which is applicable to all petitions filed after May 10, 1995, and provides, in pertinent part, as follows:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-102(a) (2003) (emphasis added).[1]

Rule 2(G) of the Tennessee Rules of Post-Conviction Procedure governs filings:

Papers required or permitted to be filed by the rules of post-conviction procedure, when filed by an attorney or a pro se petitioner who is not incarcerated, are filed when received by the clerk of court.

If papers required or permitted to be filed by these rules are prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. . . . Should timeliness of filing or service become an issue, the burden is on the pro se petitioner to establish compliance with this provision.

Tenn. Sup. Ct. R. 28 § 2(G) (emphasis added). Similarly, Tennessee Rule of Criminal Procedure 49(c) provides, in pertinent part, as follows:

If papers required or permitted to be filed pursuant to the rules of criminal procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing.

Tenn. R. Crim. P. 49(c) (emphasis added).

Tennessee Code Annotated section 40-30-102 establishes when a court may consider a petition filed outside the statutory limitations period:

(b) No court shall have jurisdiction to consider a petition filed after such time unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. . . . ;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which

---

[1] In 2003, the Post-Conviction Procedure Act was renumbered within the Code. It now appears at sections 40-30-101 through 40-30-122.

the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

Tenn. Code Ann. § 40-30-102(b) (2003).

In Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our supreme court held that in certain situations application of the statute of limitations in a post-conviction proceeding might violate constitutional due process. In determining whether there has been such a violation, the essential question is whether the time period allowed by law provides the petitioner a fair and reasonable opportunity to file suit. Id. In Burford, the petitioner could not have filed within the three-year limitation absent a determination on his prior post-conviction petition. Our supreme court ruled that Burford was "caught in a procedural trap and unable to initiate litigation . . . despite the approach of the three-year limitation." Id.

More recently, in Williams v. State, 44 S.W.3d 464 (Tenn. 2001), our supreme court held that strict application of the statute of limitations to cases in which a petitioner has been unilaterally deprived of the opportunity to seek second-tier review of his convictions might violate due process. Id. at 471. Williams's attorney filed a motion to withdraw as counsel some nine months after his convictions were affirmed by this court. His motion included an assertion that he had timely sent a notification of the disposition of the appeal but later learned that Williams did not receive the notification. Counsel then asked for additional time within which to file an application for permission to appeal to the supreme court. The request was denied as untimely. Williams then filed a pro se petition for post-conviction relief outside the one-year statute of limitations. Our supreme court ruled that "due process considerations may have tolled the running of the statute of limitations for filing a post-conviction petition" and remanded the case "for an evidentiary hearing to determine the circumstances surrounding [Williams's] filing of his post-conviction petition." Id. at 467.

In Williams, our high court emphasized that an attorney's misrepresentation, as opposed to mere negligence, could result in due process tolling. Id. at 468-71. It determined that "an attorney's misrepresentation . . . would also be beyond a defendant's control" and could preclude the defendant from independently seeking relief. Id. at 469. Specifically, the court concluded that "[i]f Williams was under the impression that a Rule 11 application was pending during this time, then he was precluded from acting pro se to pursue post-conviction relief while presumably being represented by counsel." Id. at 471. Our supreme court observed that "[t]he question, then, is whether the appellee was, in fact, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." Id. The limitations period is tolled "during [the] time when the [petitioner] was unable to seek [post-conviction] relief." Id. at 464.

Our supreme court denied the petitioner's application for permission to appeal on March 22, 2004. Any petition for post-conviction relief was, therefore, due to be filed on or before March 22, 2005. The petitioner's signature on the pro se petition was notarized on December 30, 2004; however, the petitioner does not claim to have presented the petition to the attesting notary public for filing. Moreover, under Post-Conviction Procedure Rule 2(G) and Tennessee Rule of Criminal

Procedure 49, the filing would have been timely only if the notary public were the "appropriate individual at the correctional facility" to receive it for mailing. The petitioner did not allege that he intended for the notary to mail the petition at the time of his signing. Thus, the petition was untimely. Furthermore, the petitioner has alleged none of the statutory exceptions to the one-year statute of limitations and it is our view that none apply. <u>See</u> Tenn. Code Ann. § 40-30-102(b) (2003). In consequence, the trial court properly dismissed the petition.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE