IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 24, 2007

## JOSE RAMIREZ v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Wilson County**
**No. 03-1190     J. O. Bond, Judge**

_____

**No. M2007-00942-CCA-R3-PC - Filed December 5, 2007**

_____

The petitioner, Jose Ramirez, pled guilty to aggravated assault and the trial court, pursuant to a plea agreement, sentenced him to a three-year sentence to be served on supervised probation. The court dismissed the petition, finding that the petitioner had filed his petition outside the one-year statute of limitations period. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which Joseph M. Tipton, P.J., and Robert W. Wedemeyer, J., joined.

Vanessa Saenz, Nashville, Tennessee, for the appellant, Jose Ramirez.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Robert N. Hibbett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 28, 2004, the petitioner pled guilty to aggravated assault pursuant to a plea agreement and received a three-year sentence to be served on supervised probation. On April 2, 2007, the petitioner filed a petition for post-conviction relief, alleging ineffectiveness of counsel because his attorney failed to adequately investigate and prepare for trial and misinformed him that if he pled guilty he would not be deported. The post-conviction court found that the statute of limitations for filing a petition for post-conviction relief had expired and that the petitioner failed to state a colorable claim for tolling the limitations period. The petitioner appealed.

In his appellate brief, the petitioner argues that the post-conviction court erred in dismissing his petition for post-conviction relief. Essentially, he alleges that his attorney gave him faulty advice regarding the fact that he would not be deported if he pled guilty to aggravated assault. He relied on this advice and pled guilty and did not receive notice that he would be deported until after the

statute of limitations had expired. Therefore, he argues that due process considerations require that he be afforded an opportunity to be heard on his ineffective assistance of counsel claim.

Pursuant to Tennessee Code Annotated section 40-30-102, a petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred. Tenn. Code Ann. § 40-30-102(a). Time is of the essence in claiming post-conviction relief, and compliance with the one-year statute is an element of the right to file a petition. *Id.* A post-conviction court does not have jurisdiction to consider a petition filed outside the one-year statute of limitations unless: (1) the claim is based on a final appellate court ruling establishing a constitutional right not recognized at the time of trial but given retroactive effect by the appellate court; (2) the claim is based upon new scientific evidence establishing the petitioner is actually innocent; or (3) the claim is based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. *See id.* § 40-30-102(b).

A court may also consider an untimely petition if applying the statute of limitations would deny the petitioner due process. *Burford v. State*, 845 S.W.2d 204, 209-10 (Tenn. 1992). To determine if due process requires tolling of the statute of limitations, a court must: (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are later-arising, determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995). Due process requires a weighing of the petitioner's liberty interest against the state's interest in preventing the litigation of stale and fraudulent claims. *Id.*

In this case, the record reflects that the petitioner filed his petition well after the one-year statute of limitations period had expired. In addition, the petitioner has not alleged any claim which would qualify as a statutory exception to the statute of limitations. *See id.* § 40-30-102(b). Moreover, the petitioner has not provided any facts which raise a due process concern. For instance, no facts demonstrate that the petitioner was misled by counsel as to further representation on appeal which deprived him of a reasonable opportunity to seek post-conviction relief. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001) (holding that strict application of the statute of limitations to cases in which a petitioner has been unilaterally deprived of the opportunity to seek second-tier review of his convictions through misrepresentations of his attorney may violate due process). The petitioner was not denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence. *See Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000) (holding that the statute of limitations should be tolled during time that petitioner was mentally impaired). The petitioner's claim of ineffectiveness of counsel in relation to his guilty plea did not arise after the statute of limitations period commenced. *Sands*, 903 S.W.2d at 301. Indeed, the petitioner's claim that he was unaware that his attorney misinformed him about the deportation consequences of his guilty plea until after the statute of limitations had expired does not hold merit. We have previously held that the post-conviction statute of limitations does not include a discovery exception which would toll its one-year limit. *James Marvin Martin v. State*, No. E2004-00740-CCA-R3-PC, 2004 WL

2280425, at *3 (Tenn. Crim. App., at Knoxville, Oct. 11, 2004), perm. app. denied (Tenn. Feb 28, 2005). Further, we have held that ignorance of the statute of limitations is not an excuse for late filing. *State v. Phillips*, 904 S.W.2d 123 (Tenn. Crim. App. 1995).

In sum, the circumstances of the petitioner's case do not indicate that the petitioner was denied the reasonable opportunity to assert a post-conviction claim in a meaningful time and manner. Thus, we conclude that application of the post-conviction statute of limitations in this case does not violate the petitioner's due process rights. The petition is time barred, and the post-conviction court was correct to rule accordingly. The judgment of the post-conviction court is affirmed.

_____
J.C. McLIN, JUDGE