# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## TRAVIS DEAN JACKSON v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Davidson County
### No. CR-9330

---

### No. M2009-01825-CCA-R3-PC - Filed June 11, 2010

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Petitioner has appealed the trial court's order dismissing the petition for post-conviction relief. Upon review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for post-conviction relief and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Travis Dean Jackson, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter, and Matthew Bryant Haskell, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The following factual background was recited at Petitioner's nolo contendere plea hearing:

> On June 1st of 2007, the state would prove that Mr. Jackson did sexually penetrate [the victim], a child of less than the age of 13 years old. In the state's proof we would put on a taped confession given by [petitioner] to

Detective Stacey Patterson. The child . . . would also testify that she made a full disclosure of the events that transpired.

On February 12, 2008, Petitioner pled nolo contendere to one count of rape of a child. Pursuant to the plea agreement, Petitioner was sentenced to fifteen years to be served at 100%.

On May 8, 2009, Petitioner filed a petition for post-conviction relief. In his petition he acknowledges that his petition was filed past the one-year statute of limitations. In explanation, Petitioner states that he was unaware of the statute of limitations. He then argues that he was afforded ineffective assistance of counsel.

The post-conviction court summarily dismissed the petition as being outside the statute of limitations. Petitioner has appealed the summary dismissal of his petition.

## Analysis

Petitioner argues on appeal that his petition should not have been dismissed based on the statute of limitations. Petitioner argues that his petition should not have been time-barred because "he did not learn of his legal right to challenge the constitutionality of his arrest and convictions" until after the one-year statute had run. Therefore, he maintains that his due process rights were violated and the statute of limitations should be tolled. The State argues that this reason does not toll the statute of limitations and the trial court properly summarily dismissed the petition.

Under the Post-Conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) states:

(b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition

must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

In the present case, the post-conviction petition was filed more than one year after the date of the final action by the highest court to which an appeal was taken and thus well outside the statute of limitations. The post-conviction court properly held that Petitioner failed to show that one of the exceptions to the one-year deadline listed in the statute was applicable.

In addition to the exceptions set out in the statute, the courts in this State have found that due process concerns can toll the statute of limitations in certain factual situations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

*Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), is the most recent in a line of cases including *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992) and *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), analyzing when due process limitations toll the statute of limitations. In *Burford*, the petitioner's sentence was being enhanced by previous convictions that had subsequently been declared invalid, but not in time for him to meet the statute of limitations for filing his post-conviction petition. *Burford*, 845 S.W.2d at 208. Our supreme court stated that because the petitioner was in a procedural trap, the petitioner's due process rights would be violated by not allowing a tolling of the statute of limitations and the filing of a post-conviction petition. *Burford*, 845 S.W.2d at 208-09.

In *Sands*, our supreme court analyzed *Burford* and set out the basic rule derived from *Burford* and how to go about applying this rule in future cases. The supreme court stated:

[I]t will be helpful to summarize the basic rule to be derived from *Burford*: that, in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken" - or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run. In applying the *Burford* rule to specific factual situations, courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the convictions process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*Sands*, 903 S.W.2d at 301. However, after going through this analysis, the supreme court concluded that the statute of limitations had not been tolled in the *Sands* situation.

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), the supreme court again held that the statute of limitations was tolled by the factual and legal situation of the petitioner. In *Williams*, there was some dispute over whether the petitioner's trial counsel continued to represent him and how much the petitioner actually knew about the progress of his appeals. The supreme court stated that the question was whether the petitioner had been "misled to believe that [his trial] counsel was continuing the appeals process . . . ." *Id.* at 471. The supreme court remanded the case to the trial court for it to determine whether the statute must be tolled due to possible attorney misrepresentation. *Id.*

This Court has held that a petitioner's personal ignorance of post-conviction procedures, "even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute" of limitations. *State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995). Further, we have previously determined that mere lack of knowledge that a claim exists does not toll the statute of limitations. *See, e.g.*, *Jason Earl Hill v. State*, No. E2005-00968-CCA-R3-PC, 2006 WL 389667, at *4 (Tenn. Crim. App., at Knoxville, Feb. 16, 2006), *perm. app. denied*, (Tenn. Sept. 5, 2006) (holding that petitioner's lack of knowledge did not toll the statute of limitations when he argued that

-4-

his claim for relief was not discovered until the conviction was used to enhance a subsequent federal sentence); *Guillermo Matiaz Juan v. State*, No. 03C01-9708-CR-00318, 1999 WL 76453, at \*1-2 (Tenn. Crim. App., at Knoxville, Feb. 18, 1999), *perm. app. denied,* (Tenn. July 12, 1999) (concluding that ignorance of the law did not bar application of the post-conviction statute of limitations).

Petitioner has not shown a due process violation as required in the *Burford* line of cases to toll the statute of limitations. Likewise, he has not met any of the exceptions set out in Tennessee Code Annotated section 40-30-102(b). Therefore, Petitioner has asserted no valid reason to toll the statute of limitations.

For the above reasons we hold that the trial court was correct in dismissing the petition for post-conviction relief. Rule 20 of the Rules of the Court of Criminal Appeals provides:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
>
> (1)(a) The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the findings of the trial judge . . . .

## Conclusion

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20, and we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE