# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 22, 2010

## JOSHUA JACOBS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Warren County**
**No. F10408    Larry B. Stanley, Judge**

---

**No. M2009-02265-CCA-R3-PC - Filed September 15, 2010**

---

On January 17, 2007, Petitioner, Joshua Jacobs, pled guilty in the Warren County Circuit Court to one count of first degree murder, one count of aggravated burglary, and one count of aggravated rape. On October 7, 2009, the post-conviction court received and filed a pro se petition for post-conviction relief for Petitioner. The post-conviction court summarily dismissed the petition as time-barred. On appeal to this Court, Petitioner argues that the post-conviction court erred because applying the statute of limitations to his case is a denial of due process. We have reviewed the record on appeal and find that there is no violation of Petitioner's due process rights in the dismissal of his time-barred petition. Therefore, we affirm the decision of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Joshua Jacobs, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and Lisa Zavogiannis, District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL BACKGROUND

On January 17, 2007, Petitioner pled guilty to one count of first degree murder, one count of aggravated burglary, and one count of aggravated rape. The trial court sentenced Petitioner to life without parole for the first degree murder, six years for the aggravated burglary, and twenty-five years for the aggravated rape. The six-year sentence for aggravated burglary was ordered to be served concurrently with the life sentence for first degree murder. The twenty-five-year sentence for aggravated rape was ordered to be served consecutively to the sentences for first degree murder and aggravated burglary.

On September 28, 2009, Petitioner filed a pro se petition for post-conviction relief with the prison mail room authorities. The post-conviction court filed the petition on October 7, 2009. In his petition, Petitioner admitted that the petition had been filed after the statute of limitations had run. He stated that the "untimely filing [was] the result of his attorney's abandonment of the case without notifying the petition[er] of his right to proceed further." He argued that tolling the statute of limitations would not prejudice the State. He pointed out that only one and a half years had passed since the entry of the judgments. He also argued that "his ignorance of the legal requirements . . . is reasonable, due to his youth . . ., his Mental Disabilities known to the State, and inexperience with the criminal justice system, other than juvenile offenses." In addition, Petitioner argued that the dismissal of the petition would be a denial of due process. Petitioner also alleged that he was afforded ineffective assistance of counsel leading up to and during the entry of his guilty plea.

On October 9, 2009, the post-conviction court summarily dismissed the petition because it was time-barred by the statute of limitations. Petitioner filed a timely notice of appeal.

## ANALYSIS

On appeal, Petitioner argues that the post-conviction court erred in dismissing his petition. The State argues that there is no basis for the tolling of the statute of limitations.

Under the Post-Conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions

applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) states:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

In the present case, the post-conviction petition was filed more than one year after the date of the final action by the highest court to which an appeal was taken and thus well outside the statute of limitations. The post-conviction court properly held that Petitioner failed to show that one of the exceptions to the one-year deadline listed in the statute was applicable.

In addition to the exceptions set out in the statute, the courts in this State have found that due process concerns can toll the statute of limitations in certain factual situations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

Petitioner relies on *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), to support his argument. *Williams* is the most recent in a line of cases including *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992) and *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995), analyzing when

due process limitations toll the statute of limitations. In all three of these cases, our supreme court decided that the statute of limitations for post-conviction relief could be tolled in the factual situations presented. In *Burford*, the petitioner's sentence was enhanced by previous convictions that had subsequently been declared invalid, but not invalidated in time for him to meet the statute of limitations for filing his post-conviction petition. *Burford*, 845 S.W.2d at 208. Our supreme court stated that because the petitioner was in a procedural trap, the petitioner's due process rights would be violated by not allowing a tolling of the statute of limitations and the filing of a post-conviction petition. *Burford*, 845 S.W.2d at 208-09.

In *Sands*, our supreme court analyzed *Burford* and set out the basic rule derived from *Burford* and how to go about applying this rule in future cases. The supreme court stated:

> [I]t will be helpful to summarize the basic rule to be derived from Burford: that, in certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the "final action of the highest state appellate court to which an appeal is taken"-or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run. In applying the *Burford* rule to specific factual situations, courts should utilize a three-step process: (1) determine when the limitations period would normally have begun to run; (2) determine whether grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the convictions process," *Burford*, 845 S.W.2d at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." *Id.* at 208.

*Sands*, 903 S.W.2d at 301 (footnote omitted). However, after going through this analysis, the supreme court concluded that the statute of limitations had not been tolled in the *Sands* situation.

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), the supreme court again held that the statute of limitations was tolled by the factual and legal situation of the petitioner. In *Williams*, there was some dispute over whether the petitioner's trial counsel continued to

-4-

represent him and how much the petitioner actually knew about the progress of his appeals. The supreme court stated that the question was whether the petitioner had been "misled to believe that [his trial] counsel was continuing the appeals process . . . ." *Id.* at 471. The supreme court remanded the case to the trial court for it to determine whether the statute must be tolled due to possible attorney misrepresentation. *Id.*

This Court has held that a petitioner's personal ignorance of post-conviction procedures, "even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute" of limitations. *State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995). Further, we have previously determined that mere lack of knowledge that a claim exists does not toll the statute of limitations. *See, e.g.*, *Jason Earl Hill v. State*, No. E2005-00968-CCA-R3-PC, 2006 WL 389667, at \*4 (Tenn. Crim. App., at Knoxville, Feb. 16, 2006), *perm. app. denied*, (Tenn. Sept. 5, 2006) (holding that petitioner's lack of knowledge did not toll the statute of limitations when he argued that his claim for relief was not discovered until the conviction was used to enhance a subsequent federal sentence); *Guillermo Matiaz Juan v. State*, No. 03C01-9708-CR-00318, 1999 WL 76453, at \*1-2 (Tenn. Crim. App., at Knoxville, Feb. 18, 1999), *perm. app. denied*, (Tenn. July 12, 1999) (concluding that ignorance of the law did not bar application of the post-conviction statute of limitations).

Petitioner has not shown a due process violation as required in the *Burford* line of cases to toll the statute of limitations. Likewise, he has not met any of the exceptions set out in Tennessee Code Annotated section 40-30-102(b). Therefore, Petitioner has asserted no valid reason to toll the statute of limitations.

## **CONCLUSION**

For the above reasons we hold that the post-conviction court was correct in dismissing the petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE

-5-