IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2013

**JOSEPH NELSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C12222,08674    Donald H. Allen, Judge**

_____

**No. W2012-02234-CCA-R3-PC  - Filed November 12, 2013**

_____

The Petitioner, Joseph Nelson, appeals the post-conviction court's summary dismissal of his petition for post-conviction relief on the basis that it was untimely. On appeal, the Petitioner argues that due process concerns should toll the one-year statute of limitations to allow review of his underlying claims. Because the Petitioner has failed to prove any grounds upon which to toll the statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Joseph Nelson, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; James G. Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On May 15, 2009, a Madison County jury convicted the Petitioner of two counts of rape of a child for which the Petitioner received concurrent sentences of twenty-five years at 100% to be served in the Department of Correction. The Petitioner's attorney filed a direct appeal to this Court, raising the single issue of sufficiency of the evidence, and we affirmed the judgments of conviction on November 5, 2010. See State v. Joseph Nelson, W2009-02190-CCA-R3-CD, 2010 WL 4513554 (Tenn. Crim. App. Nov. 5, 2010), perm. app. denied (Tenn. April 13, 2011).

Subsequently, the Petitioner's attorney filed a motion to withdraw as counsel and attached a letter to the Petitioner that informed him of his attorney's intent to withdraw and his intent not to file an application for permission to appeal to the Tennessee Supreme Court. The letter also informed the Petitioner that he could file a pro se application for permission to appeal and provided the date by which such application must be filed.[1] This Court granted the motion to withdraw on December 8, 2010, and the Petitioner subsequently filed a pro se application for permission to appeal, which was denied by the Tennessee Supreme Court on April 13, 2011.

On August 23, 2012, the Petitioner filed a pro se petition for post-conviction relief, alleging that he received ineffective assistance of counsel and that his sentence violates Blakely v. Washington, 524 U.S. 296 (2004). The post-conviction court summarily dismissed the petition as untimely on October 11, 2012, and the Petitioner filed a timely notice of appeal on October 23, 2012.[2]

## ANALYSIS

On appeal, the Petitioner argues that the post-conviction court erred in summarily dismissing his petition for post-conviction relief. He maintains that the one-year statute of limitations should be tolled because his attorney never informed him of the right to file a petition for post-conviction relief or informed him of the statute of limitations by which to file such a petition, and thus, his untimely filing was "through no fault of his own." The State responds that the post-conviction court properly denied the petition because the Petitioner failed to prove any statutory or due process grounds upon which to justify the tolling of the statute of limitations. Upon review, we agree with the State.

On appeal, a post-conviction court's findings of fact are conclusive unless the evidence preponderates otherwise. Vaughn v. State, 202 S.W.3d 106, 115 (Tenn. 2006). However, "[a]ppellate courts review a post-conviction court's conclusions of law, decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness." Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013) (citing Felts v. State, 354 S.W.3d 266, 276 (Tenn. 2011)). "Issues regarding whether due process required the tolling of the post-conviction statute of limitations are

---

[1] The motion to withdraw and attached letter are not included in the record for our review. We glean the information about the letter from this Court's Order granting the motion to withdraw, which the Petitioner attached as an exhibit to his brief.

[2] The State filed a motion to affirm the post-conviction court's judgment pursuant to Rule 20 of the Tennessee Rules of the Court of Criminal Appeals, which this Court denied on April 30, 2013.

mixed questions of law and fact and are, therefore, subject to de novo review." <u>Whitehead</u>, 402 S.W.3d at 621 (citing <u>Smith v. State</u>, 357 S.W.3d 322, 355 (Tenn. 2011)).

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. T.C.A. § 40-30-103 (2006). A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2006). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." <u>Id.</u> It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." <u>Id.</u> In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. <u>See id.</u> § 40-30-106(b) (2006).

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. In Seals v. State, the Tennessee Supreme Court concluded:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

23 S.W.3d 272, 277-78 (Tenn. 2000) (quoting Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992)) (internal citations omitted).

In the present case, the post-conviction petition was filed more than one year after the date of the final action by the highest court to which an appeal was taken, and therefore, fell outside of the statute of limitations. The Petitioner has not alleged that any of the statutory exceptions to the one-year statute of limitations under Tennessee Code Annotated section 40-30-102(b) are applicable to his case. Therefore, our analysis focuses on the due process concerns raised by the Petitioner; namely, that his attorney's conduct prevented him from filing a timely petition for post-conviction relief and entitles him to due process tolling.

The Tennessee Supreme Court recently addressed this very issue and clarified the proper analysis to determine when due process requires tolling of the post-conviction statute of limitations based on attorney conduct:

> Henceforth, when a post-conviction petitioner argues that due process requires tolling the Post-Conviction Procedure Act's statute of limitations based on the conduct of his or her lawyer, the two prong inquiry of [Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549 (2010)] and [Maples v. Thomas, 132 S. Ct. 912 (2012)] should guide the analysis. A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing.

Whitehead, 402 S.W.3d at 631 (citing Holland, 130 S. Ct. at 2562). The court further explained that the second prong, requiring a showing of extraordinary circumstances, encompasses conduct where the petitioner's attorney "abandons the [petitioner] or acts in a way directly adverse to the [petitioner]'s interests, such as by actively lying or otherwise misleading the [petitioner] to believe things about his or her case that are not true." Whitehead, 402 S.W.3d at 631 (citing Maples, 132 S. Ct. at 923); see also Holland, 130 S.

Ct. at 2564-65; Dillon v. Conway, 642 F.3d 358, 363-64 (2d Cir. 2011); Downs v. McNeil, 520 F.3d 1311, 1320 (11th Cir. 2008). The court emphasized that "'[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances *beyond a petitioner's control* prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations' . . . [which still] holds true today." Whitehead, 402 S.W.3d at 634 (quoting Smith, 357 S.W.3d at 358).

We reiterate that a hearing on due process concerns is not required nor intended every time a petitioner alleges that his untimely filing is due to his attorney's conduct. Craig Robert Nunn v. State, No. M2005-01404-CCA-R3-PC, 2006 WL 680900, at *5 (Tenn. Crim. App. Mar. 17, 2006) (citing Bronzo Gosnell v. State, E2004-02654-CCA-R3-PC, 2005 WL 1996629, at *4 (Tenn. Crim. App. Aug. 19, 2005), no. perm. app. filed). "Indeed, '[s]uch a rule is clearly inconsistent with the plain language of the post-conviction statute requiring a trial judge to summarily dismiss an untimely petition . . . without a hearing.'" Craig Robert Nunn, 2006 WL 680900, at *5 (quoting Williams, 44 S.W.3d at 476 (Drowota, J., dissenting)).

In Whitehead, the petitioner complained of a number of attorney failures that caused his untimely filing. Specifically, the petitioner's attorney provided the wrong deadline date to file for post-conviction relief, failed to return his legal files until after the actual deadline had passed despite multiple requests, failed to timely notify the petitioner that their attorney-client relationship had ended, and failed to timely inform the petitioner that the United States Supreme Court had denied his petition for certiorari. Whitehead, 402 S.W.3d at 632-33. The court reasoned that while "none of the failures, standing alone, would be sufficient [to toll the statute of limitations]," the combination of failures amounted to extraordinary circumstances in the form of attorney abandonment. Id. at 632. Thus, the court concluded that because the petitioner's diligent efforts to pursue post-conviction relief were "thwarted . . . due to extraordinary circumstances beyond his control, the principles of due process and fundamental fairness require that the statute of limitations . . . be tolled." Id. at 634.

Turning to the present case, we conclude that the Petitioner has failed to put forth facts that amount to "extraordinary circumstances" to justify tolling the statute of limitations. The Petitioner does not allege, nor does the record indicate, that the Petitioner believed that he was still represented by counsel at the post-conviction stage or that counsel led him to believe he was continuing to work on the Petitioner's case. Cf. Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001) (holding that due process may toll the statute of limitations if the petitioner was misled to believe that counsel was continuing the appeals process). Likewise, the Petitioner does not claim that he requested that counsel file an appeal on his behalf but counsel failed to do so. Cf. Robertson v. State, No. M2009-01736-CCA-R3-PC, 2010 WL 2058668, at *4 (Tenn. Crim. App. Aug. 3, 2010) (remanding for an evidentiary hearing

where petitioner alleged that counsel failed to appeal his case in direct disregard to his request to do so). The Petitioner does not assert that he was unaware of the status of his appeal, nor allege that counsel withheld his files or impeded his ability to pursue post-conviction relief. Cf. Whitehead, 402 S.W.3d at 633-34 (reasoning that counsel's "unreasonable delay" in sending the petitioner his files, coupled with other attorney misconduct like the failure to inform the petitioner that his petition for certiorari to the United States Supreme Court had been denied, constituted an "impediment that cannot be fairly attributed" to the petitioner).

Instead, the Petitioner acknowledges that counsel timely notified the Petitioner of his intent to withdraw as counsel and provided him the proper date and procedure for filing a pro se Rule 11 application for permission to appeal to the Tennessee Supreme Court, the next step in the Petitioner's appeal of his case. The Petitioner's sole criticism is that his attorney failed to inform him of the right to file for post-conviction relief or the procedure for doing so, which he asserts justifies tolling the statute of limitations. This Court has previously held, however, that "a petitioner's personal ignorance of post-conviction procedures, 'even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute' of limitations." Jacobs v. State, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *3 (Tenn. Crim. App. Sep. 15, 2010) (quoting State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995)). Therefore, because the Petitioner has not alleged facts sufficient to necessitate the tolling of the statute of limitations, we conclude that the post-conviction court properly summarily dismissed the petition. Accordingly, the Petitioner is not entitled to relief.

## CONCLUSION

Based upon the above authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE