
IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 6, 2016

## STARBROUGH JONES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 05-01013      Chris Craft, Judge

_____

### No. W2016-00197-CCA-R3-PC

_____

The Petitioner, Starbrough Jones, filed a petition for post-conviction relief, alleging that his trial counsel was ineffective. The post-conviction court dismissed the petition as untimely. On appeal, the Petitioner concedes that the petition was untimely but maintains that due process requires tolling the statute of limitations because he was never "official[ly]" informed that counsel was withdrawing after this court filed its opinion on direct appeal and because counsel did not advise the Petitioner of his right to seek post-conviction relief. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Ernest J. Beasley (on appeal) and Paul Guibao (at post-conviction hearing), Memphis, Tennessee, for the Appellant, Starbrough Jones.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Amy P. Weirich, District Attorney General; and Alexia Crump and Carla Taylor, Assistant District Attorneys General, for the Appellee, State of Tennessee.

### OPINION

### I. Factual Background

At trial, the Petitioner was convicted of felony murder, especially aggravated robbery, and attempted especially aggravated robbery. State v. Starbrough Jones, No. W2006-02230-CCA-R3-CD, 2008 WL 4378166, at *1 (Tenn. Crim. App. at Jackson, Sept. 25, 2008), perm. to appeal denied, (Tenn., Mar. 16, 2009). He received a total

effective sentence of life plus twenty-one years. Id. On appeal, this court affirmed the judgments of the trial court. Id. On March 16, 2009, the supreme court denied the Petitioner's pro se application for permission to appeal. Id.

On April 29, 2014, the Petitioner filed a pro se petition for post-conviction relief alleging that counsel was ineffective by failing to "object throughout the trial proceeding in an effort to protect the record against procedural default or waiver," by failing to "investigate and present a mental health defense," and by "allowing Petitioner's indictment to be read to the jury by the district attorney as proof that the grand jury had determined a fact necessary to convict." In the petition, the Petitioner acknowledged that the petition was untimely but contended that "principles of due process required tolling the statute of limitations because his delay in filing the petition was att[ri]butable to abandonment and misrepresentations made by his appointed . . . counsel regarding the status of his case."

On May 27, 2014, the post-conviction court appointed counsel to assist the Petitioner. The State filed a motion to dismiss the pro se petition, asserting that the petition was untimely and that due process did not require tolling of the statute of limitations. The post-conviction court denied the motion.

At the post-conviction hearing, the Petitioner testified that counsel represented him at trial and on appeal. The Petitioner said that counsel did not advise him of his right to file an application for permission to appeal to the supreme court.

The Petitioner said that he received a letter from counsel advising the Petitioner that counsel was filing a motion to withdraw from the case. The Petitioner said that he never received notification that the motion was granted. In the letter, counsel did not advise the Petitioner about how or when to pursue post-conviction relief. The Petitioner said that until he was advised by other inmates, he did not know that he could file for post-conviction relief. At that point, he "immediately file[d] a post[-]conviction petition."

The Petitioner said that he was expelled from the ninth grade for truancy. He stated that his grades were poor; however, he obtained a general equivalency diploma (GED) while incarcerated.

On cross-examination, the Petitioner maintained that he had no prior felony convictions but conceded that he had been convicted of theft, unlawful possession of a firearm, public intoxication, and assault. The Petitioner acknowledged that he received his first juvenile adjudication when he was fifteen or sixteen years old, that he received his first adult conviction when he was eighteen years old, and that he received the

underlying convictions when he was twenty or twenty-one years old. The Petitioner conceded that he had "been in the criminal justice system [his] whole life."

On redirect examination, the Petitioner said that his misdemeanor convictions were the result of guilty pleas, that his longest misdemeanor sentence was five months and eighteen days, and that he had never been sentenced to prison.

At a subsequent hearing, the parties stipulated to entry of three documents relating to counsel's withdrawal. The first document was counsel's motion to withdraw, which was filed with this court on October 6, 2008. The second document was a letter from counsel to the Petitioner dated October 1, 2008. In the letter, counsel stated that he was enclosing a copy of this court's opinion. Counsel advised that he had not been appointed to represent the Petitioner in further proceedings and was filing a motion to withdraw. Counsel stated that he would not file an application for permission to appeal to the supreme court and advised the Petitioner that he had sixty days "from the entry of final judgment in the Court of Criminal Appeals" to file a pro se application for permission to appeal, which was "no later than November 23, 2008." Counsel included a copy of Rule 11 of the Tennessee Rules of Appellate Procedure to assist the Petitioner in filing his application. The third document was this court's October 10, 2008 order granting counsel's motion to withdraw.

Thereafter, the post-conviction court filed an order dismissing the petition as untimely, noting that it was filed more than five years after the denial of the Petitioner's pro se application for permission to appeal to the supreme court. The post-conviction court stated:

> This court finds the petitioner's testimony not credible, given the state of the record. He testified that he had no idea his attorney's motion to withdraw had been granted, but nevertheless filed a timely request to appeal to the Tennessee Supreme Court without that attorney's help. He also had been transferred to the Department of Correction on October 5, 2006, after his Motion for New Trial had been denied, yet claims that while in the Department of Correction for the next eight years serving a life sentence, through all of his appeals, he did not hear about his right to file a petition for post-conviction relief until 2014[] when he finally filed it. He has produced no proof that he has ever been misled in any way, even inadvertently, by his [counsel], who spelled out succinctly his appellate rights in his letter to the petitioner in 2008. Even if the petitioner's testimony were to be believed, and taken as true, . . . [t]here has been no showing that

anything either occurred or failed to occur in the petitioner's case which would give rise to a violation of due process that would necessitate the tolling of the one[-]year statute of limitation for petitions for post-conviction relief.

On appeal, the Petitioner contends that the post-conviction court erred, contending that tolling of the statute of limitations was required because the Petitioner was never "official[ly]" informed that counsel was withdrawing and because counsel did not advise the Petitioner about his right to seek post-conviction relief.

## II. Analysis

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief, the post-conviction petition must be filed within one year of the final action of the highest state appellate court to which an appeal is taken. Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a). "Issues regarding whether due process required the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013) (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)). Generally, "appellate courts must defer to a post-conviction court's findings with regard to witness credibility, the weight and value of witness testimony, and the resolution of factual issues presented by the evidence." Id. (citing Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999)).

The Petitioner acknowledges that his post-conviction petition was filed outside the one-year statute of limitations. Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) "[t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted"; or (3) "[t]he claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ." The

Petitioner did not allege any of the enumerated reasons for tolling the statute of limitations.

Nevertheless, our supreme court has held that due process may require tolling the statute of limitations. Whitehead, 402 S.W.3d at 622-23. Specifically, the court identified the following three circumstances in which due process requires tolling the statute of limitations: (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents compliance with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. Id. at 623-24.

Our supreme court has held that the statute of limitations may be tolled in cases where its strict application would deny the petitioner "'a reasonable opportunity to assert a claim in a meaningful time and manner.'" Williams, 44 S.W.3d at 468 (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)). In Williams, the petitioner's attorney failed to take the proper steps to withdraw timely and inform Williams of his right to appeal. Id. at 465-67. Subsequently, the post-conviction court dismissed his petition for post-conviction relief as untimely. Id. On appeal, the supreme court reasoned that "an attorney's misrepresentation, either attributable to deception or other misconduct," is "beyond a defendant's control." Id. at 469. Therefore, if "a defendant erroneously believes that counsel is continuing to represent him . . . , then the defendant is essentially precluded from pursuing certain remedies independently." Id. As the court explained, "[t]he question, then, is whether [Williams] was, in fact, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." Id. at 471. Notably, the court cautioned:

> [W]e are not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. Instead, the focus here is only upon trial and appellate counsel's alleged misrepresentation in failing to properly withdraw from representation and in failing to notify the petitioner that no application for permission to appeal would be filed in this Court.

Id. at 468 n.7.

Our supreme court has explained that

> [a] petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. Specifically,

the second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true.

In terms of diligence, courts have recognized that due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. . . . Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system."

Whitehead, 402 S.W.3d at 631 (citations omitted).

In the instant case, the Petitioner testified that counsel informed him that counsel was withdrawing and would not be representing him in any further proceedings. The Petitioner complained, however, that he received no "official" notice of counsel's withdrawal. In its order dismissing the petition as untimely, the post-conviction court discredited the Petitioner's testimony that he did not know counsel had withdrawn, noting that the Petitioner filed a timely pro se application for permission to appeal to the supreme court as counsel had advised him to do in the letter that advised the Petitioner of counsel's withdrawal. See Emmanuel S. Trotter v. State, No. M2009-02146-CCA-R3-PC, 2011 WL 2474034, at *4 (Tenn. Crim. App. at Nashville, June 16, 2011). Therefore, the Petitioner knew that counsel was no longer representing him after this court issued its opinion. The evidence does not preponderate against the post-conviction court's findings.

Regarding the Petitioner's complaint that he did not know he could file a post-conviction petition, this court "has consistently held that a petitioner's personal ignorance of post-conviction procedures, even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute of limitations." Jarvis Taylor v. State, No. W2014-00683-CCA-R3-PC, 2014 WL 6491076, at *3 (Tenn. Crim. App. at Jackson, Nov. 20, 2014) (internal quotation marks and citation omitted); see State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995); Frederick D. Deberry v. State, No. W2015-00951-CCA-R3-PC, 2016 WL 369390, at *4 (Tenn. Crim. App. at Jackson, Jan. 29, 2016). The Petitioner made no allegation that any misrepresentations by counsel led him not to file his post-conviction petition until more than four years after the statute of limitations expired.

Based upon the foregoing, we conclude that the post-conviction court correctly determined that due process did not require tolling of the statute of limitation.

### III. Conclusion

We affirm the post-conviction court's dismissal of the post-conviction petition as untimely.

_____
NORMA MCGEE OGLE, JUDGE