**STATE of Tennessee, Appellee,**

v.

**Albert G. PHILLIPS, Appellant.**

No. 03C01–9406–CR–00219.

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 3, 1995.

David S. Clark, Oak Ridge, for appellant.

Charles W. Burson, Atty. Gen. and Christina S. Shevalier, Asst. Atty. Gen., Nashville, James N. Ramsey, Dist. Atty. Gen. and Jan Hicks, Asst. Dist. Atty. Gen., Oak Ridge, for appellee.

## OPINION

TIPTON, Judge.

The petitioner, Albert G. Phillips, appeals as of right from the dismissal of his petition for post-conviction relief by the Anderson County Criminal Court on the ground that it is barred by the three-year statute of limitations. His petition alleges that he was convicted in 1985 of first degree murder. The conviction was affirmed on appeal. *State v. Albert G. Phillips, et al.,* 728 S.W.2d 21 (Tenn.Crim.App.1986), *app. denied* (Tenn. 1987).

In summary fashion, the petition alleges that his conviction was the direct consequence of the ineffective assistance of counsel "in that his attorney failed to properly prepare his defense, failed to properly investigate the charge and was ineffective and deficient on the appeal," that he was the "victim of misconduct by the prosecution and suffered prejudice due to overzealous acts of overreaching by said prosecution," and that he "suffered prejudice to his defense by the abuse of discretion on behalf [of] the trial court." The state filed a motion to dismiss on the ground that the three-year statute of limitations, *see* T.C.A. § 40–30–102, barred the filing of the petition. In response, the petitioner alleged that before the three years had expired, he had an attorney review his case and the attorney advised him against filing a post-conviction petition. He asserts that the attorney's advice constitutes the ineffective assistance of counsel so as to allow

him the right to file his petition regardless of when the three years expired.

In *Burford v. State*, 845 S.W.2d 204, 208–09 (Tenn.1992), our supreme court held that the three-year statute of limitations was a constitutionally appropriate limit to an attack on a prior conviction except where the ground for relief does not arise or is not created until such a time that the time bar would deprive a petitioner of a reasonable opportunity to have the claim adjudicated. Such a reasonable opportunity was not foreclosed in the present case.

The claims made in the petition, if true, existed and were available to be pursued since the petitioner's conviction. The fact that he had an attorney who reviewed his case to determine the potential for post-conviction relief and advised against filing a petition did not negate the reasonable opportunity available to the petitioner to seek relief, if he so chose. In this respect, even if the advice was given with less than professional competence, *Burford* does not mandate the tolling of the statute of limitations.

■ There is no constitutional right to the effective assistance of counsel in the post-conviction setting. *See State v. Oates*, 698 S.W.2d 79 (Tenn.Crim.App.1985). In this respect, any remedy for counsel deficiencies does not stem from constitutional protection. We note that this court has previously indicated that a petitioner's ignorance of the existence of the statute of limitation, even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute. *See Raymond Dean Willis v. State*, No. 01C01–9211–CR–00359, Davidson Co., 1993 WL 427457 (Tenn.Crim.App. Oct. 21, 1993), *app. denied* (Tenn. Mar. 7, 1994). In similar fashion, the fact that the petitioner relied upon an attorney's advice raises no concern that the state, through the legislative process or otherwise, has unfairly precluded him from litigating his claims in a state post-conviction action after three years have elapsed.

We affirm the trial court's dismissal of the petition.

SCOTT, P.J., and PEAY, J., concur.