IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**FILED**

**April 6, 1999**

Cecil Crowson, Jr.
Appellate Court Clerk

WILLIAM LEWIS HOWELL,  *

    Appellant,  *  C.C.A. # 03C01-9806-CR-00200

VS.  *  KNOX COUNTY

STATE OF TENNESSEE,  *

    Appellee.  *

## OPINION

       The pro se petitioner, William Lewis Howell, appeals the summary dismissal of his petition for post-conviction relief. The issue presented for review is whether the petition is barred by the statute of limitations. We affirm the dismissal pursuant to Rule 20, Tenn. Ct. Crim. App.

       In 1985, the petitioner pled guilty to joyriding and received an eleven month, twenty-nine day sentence. Thirteen years later, the petitioner filed this petition for post-conviction relief, alleging an unknowing guilty plea and the ineffective assistance of counsel. The trial court dismissed the petition without a hearing or the appointment of counsel. In this appeal of right, the petitioner acknowledges that his petition was filed untimely but claims as an excuse that his trial counsel had mistakenly advised that he could not file a petition because no record was made of the plea proceedings.

       Under the Post-Conviction Procedure Act of 1995, a petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a). The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision

otherwise available at law or equity." Id. Thus, this petition, filed well beyond the one year allowed, is barred by the statute of limitations. Id.

The only exceptions to the limitations period are when the claim is based upon a new rule of constitutional law applicable to the petitioner's case, the claim is based upon new scientific evidence showing innocence, or the claim is based upon an enhanced sentence that was enhanced because of convictions that have subsequently been found to be illegal. Tenn. Code Ann. § 40-30-202(b). The petitioner's claims of ineffective assistance of counsel and an unknowing guilty plea are not based on new rules of constitutional law. See Strickland v. Washington, 466 U.S. 668 (1984); Boykin v. Alabama, 395 U.S. 238 (1969). The allegations in the petition clearly do not satisfy any exception to the statute of limitations.

Moreover, the petitioner's claim that he did not file a timely petition because his attorney advised him he could not file one does not afford the petitioner any relief. This court has previously ruled that failure to comply with the statute of limitations, even when based upon erroneous advice from an attorney, does not provide an exception to the statute of limitations. State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995).

Accordingly, the judgment of the trial court is affirmed. Costs shall be taxed to the state.

_____
Gary R. Wade, Presiding Judge

CONCUR:

_____
James Curwood Witt, Jr., Judge

_____
Norma McGee Ogle, Judge