## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

RICHARD ANTHONY,

    Appellant,

VS.

STATE OF TENNESSEE,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**

July 26, 1999

Cecil W. Crowson
Appellate Court Clerk

C.C.A. NO. 01C01-9903-CC-00082

(No. 29,505 Below)

COFFEE COUNTY

The Hon. L. Craig Johnson

(Dismissal of Post-Conviction Petition)

AFFIRMED PURSUANT TO RULE 20

## O R D E R

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. The petitioner opposes the motion.

It appears that on December 2, 1993, a jury found the petitioner guilty of aggravated robbery and aggravated burglary. The petitioner was subsequently sentenced to 20 years and 10 years, respectively, to be served consecutively. This Court affirmed the convictions and sentences, State v. Richard Lee Anthony, No. 01C01-9504-CC-00115 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), and the Supreme Court denied permission to appeal on July 8, 1996. Subsequently, on December 14, 1998, the petitioner filed a pro se petition for post-conviction relief. The trial court dismissed the petition as outside the statute of limitations. We affirm.

Pursuant to T.C.A. § 40-30-206(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken. Under T.C.A. § 40-30-202(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

In the present case, the petitioner filed his petition for post-conviction relief outside the statute of limitations set forth in T.C.A. §40-30-202(a), and he does not submit that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b). Instead, the petitioner contends that the statute of limitations should be tolled because he retained counsel who failed to file a petition for post-conviction relief and who advised him that the one-year statute of limitations would not apply.

The statute clearly states that the one-year limitations period shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. T.C.A. § 40-30-202(a). Moreover, application of the statute of limitations in this instance does not violate due process principles. In Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), our Supreme Court held that in certain situations application of the statute of limitations in a post-conviction proceeding might violate constitutional due process. In determining whether there has been such a violation, the essential question is whether the time period allowed by law provides the petitioner a fair and reasonable opportunity to file suit. Id. In Burford, the Supreme Court held that the petitioner was "caught in a procedural trap and unable to initiate litigation ... despite the approach of the three-year limitation." Id. No such trap exists here. This Court has previously ruled that failure to comply with the statute of limitations, even when based upon erroneous advice from an attorney, does not provide an exception. State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995).

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. It appearing that the petitioner is indigent, costs of these proceedings are taxed to the state.

_____
THOMAS T. WOODALL, JUDGE


CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JERRY L. SMITH, JUDGE

eve,