IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 17, 2003

## DANNY R. KING v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Williamson County**
**No. 102-013      Timothy L. Easter, Judge**

---

**No. M2002-02704-CCA-R3-PC - Filed July 24, 2003**

---

The Petitioner and his co-defendant were convicted of aggravated rape and aggravated kidnapping. The Petitioner appealed, and our Court affirmed the convictions. The Petitioner filed a petition for post-conviction relief, which the trial court denied. Our Court affirmed the denial, concluding that the Petitioner had received effective assistance of counsel. The Petitioner then filed a post-conviction petition requesting DNA (deoxyribonucleic) testing pursuant to the Post-Conviction DNA Analysis Act of 2001. After the State responded that no biological evidence was in existence to be tested, the Petitioner requested that the court appoint him new counsel. The trial court denied both the Petitioner's post-conviction petition for DNA testing and his request for new counsel. The Petitioner now appeals, arguing that the trial court erred by denying his post-conviction petition for DNA testing and by denying his request for new counsel. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Danny R. King, Nashville, Tennessee, Pro Se.

Michael E. Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The following facts of the Petitioner's case were summarized by our Court on direct appeal:
> At trial, the state presented overwhelming proof of the defendants' guilt. In the early evening of November 2, 1981, two men abducted the victim from the parking lot of a Franklin shopping center. They drove her to a nearby road, raped her, and then tossed her out of their car. Within a brief time, the victim sought help

at a nearby service station, the police were alerted, and she was taken to a hospital for treatment and examination. The defendants were arrested within a few hours.

Two witnesses, present in the parking lot, testified that they heard the victim's screams, followed the defendants' car, and reported the license number and description of the car to the police. Two other witnesses described the victim's appearance and distress at the business where she sought help after the assault. A number of officers testified about details of the investigation and the custody of the defendants' car, the victim's purse, her jewelry found in the car, and in the defendants' pockets, and other evidence. Testimony from a serologist and the treating physician confirmed that the victim had suffered abrasions about her body, that live spermatozoa were found in the medical examination, and the defendants' clothing bore blood stains. The victim testified and identified the two defendants as her assailants.

Defendant Danny King offered no defense. Defendant William Buford testified essentially that the victim had consented.

State v. William D. Buford, 1984 Tenn. Crim. App. LEXIS 2759, at ** 3-4 (Tenn. Crim. App., Nashville, Feb. 29, 1984). The Petitioner and his co-defendant were convicted of aggravated rape and of aggravated kidnapping. See id. at * 1. The Petitioner appealed, and our Court affirmed the convictions. See id. at * 7. The Petitioner filed a petition for post-conviction relief, which the trial court denied. Our Court affirmed the denial of post-conviction relief, concluding that the Petitioner had received effective assistance of counsel. See Danny King v. State, No. 86-23-III, 1986 Tenn. Crim. App. LEXIS 2791, at * 4 (Tenn. Crim. App., Sept. 30, 1986).

Pursuant to the Post-Conviction DNA Analysis Act of 2001, the Petitioner filed a petition requesting "all human biological evidence in the possession or control of the prosecution, law enforcement, laboratory or court which relates to the investigation and prosecution" of the Petitioner in Case Number J82106. He claimed in the petition that "[t]he probability do[es] exist that the [P]etitioner would not have been prosecuted or convicted if exculpatory results had [been] obtained through DNA Analysis." He further claimed that the DNA analysis would have provided him with a more favorable result in his case. According to the Petitioner, Dr. Pat Williams "cast doubt as to the offense of [a]ggravated rape" in this case by stating that "he found no lacerations, abrasions or anything of that nature on the outside of the victims' pelvis, outside the vagina," and that there "were no vaginal tears or vaginal lacerations."

The State responded that there was no human biological evidence in existence for DNA analysis. The State also "incorporate[d] by reference . . . the affidavit and attachments filed in William D. Buford v. State of Tennessee, 1101-333, wherein the State denied the existence of potential DNA evidence regarding the Co-Defendant." Following the State's response, the Petitioner alleged that the Assistant Public Defender who represented him provided ineffective assistance of counsel, and he requested that the trial court appoint a new attorney. He further requested that the trial court grant his petition for DNA analysis. The Petitioner alleged that the affidavit to which the State referred stated that the prosecution requested from Vicki Lane, Deputy Court Clerk of the Court of Criminal Appeals, any records that she may have. The Petitioner claims that at trial, Dr.

Pat Williams testified that he found semen in the victim and that he had two slides regarding the same. Regarding his ineffective assistance of counsel claim, the Defendant maintained that his attorney failed to adequately discuss the case with him or investigate the items that could possibly be analyzed for DNA.

> The Post-Conviction DNA Analysis Act provides, in pertinent part, that a person convicted of and sentenced for the commission of first degree murder, second degree murder, aggravated rape, rape, aggravated sexual battery or rape of a child, the attempted commission of any of these offenses, any lesser included offense of these offenses, or, at the direction of the trial judge, any other offense, may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Tenn. Code Ann. § 40-30-403. "After notice to the prosecution and an opportunity to respond," id. § 40-30-404, the Act *requires* a court to order DNA analysis if the court finds that

> (1) [a] reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
>
> (2) [t]he evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) [t]he evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>
> (4) [t]he application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Id.

> However, a court *may* order DNA analysis if it makes the following findings:
>
> (1) A reasonable probability exists that analysis of the evidence will produce DNA results which would have rendered the petitioner's verdict or sentence more favorable if the results had been available at the proceeding leading to the judgment of conviction;
>
> (2) [t]he evidence is still in existence and in such a condition that DNA analysis may be conducted;
>
> (3) [t]he evidence was never previously subjected to DNA analysis, or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
>
> (4) [t]he application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Id. § 40-30-405. The Act also states that "[t]he court may, at any time during proceedings instituted under this part, appoint counsel for an indigent petitioner." Id. § 40-30-407.

We conclude that the trial court did not err by denying the Petitioner's request for DNA analysis. In this case, aggravated rape is among the crimes for which the trial court must order DNA analysis if the Petitioner satisfies the statutory requirements. However, the Petitioner's conviction for aggravated kidnapping is a crime for which testing is discretionary. See id. § 40-30-403. The State maintained that no human biological evidence was in existence for DNA analysis. Although the Petitioner points out that the State had requested any records held by the Deputy Court Clerk of the Court of Criminal Appeals, he failed to present proof that there was any evidence in existence. Furthermore, we note that the Petitioner has also failed to establish how the DNA analysis would have resulted in a more favorable outcome. At trial, the Petitioner offered no defense. See State v. William D. Buford, 1984 Tenn. Crim. App. LEXIS 2759, at * 3. This issue is without merit.

We also conclude that the trial court did not err by failing to appoint the Petitioner new counsel. The Petitioner has failed to prove that the trial court abused its discretion by denying his motion for substitution of counsel. The Petitioner has no constitutional entitlement to the effective assistance of counsel in a post-conviction proceeding. State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995). In addition, the Post-Conviction DNA Analysis Act of 2001 states that "[t]he court may, at any time during proceedings instituted under this part, appoint counsel for an indigent petitioner." Tenn. Code Ann. § 40-30-407 (emphasis added). "[B]ecause the appointment of counsel is discretionary under the statute, whether to substitute counsel was also discretionary." William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 Tenn. Crim. App. LEXIS 370, at * 18 (Tenn. Crim. App., Nashville, Feb. 12, 2003).

Furthermore, the Petitioner's primary complaints were that his attorney failed to adequately discuss the case with him or investigate the items that may be analyzed for DNA. As we have indicated, the Petitioner's argument that certain items should be analyzed for DNA failed because the prosecution did not have any of the items in its possession. Moreover, the Petitioner failed to establish that a DNA analysis of the items would have resulted in a more favorable outcome. Thus, we see no evidence in this record supporting the Petitioner's complaints about counsel or indicating that any conduct by counsel caused any prejudice to the Petitioner. We conclude that the Petitioner's complaints about counsel are without merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____

ROBERT W. WEDEMEYER, JUDGE

-4-