IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 15, 2003

## JOSEPH MARTIN THURMAN v. STATE

**Post-Conviction Appeal from the Circuit Court for Marion County**
**No. 5556    Buddy D. Perry, Judge**

_____

**No. M2002-00637-CCA-R3-PC - Filed February 3, 2004**

_____

The petitioner, Joseph Martin Thurman, appeals the dismissal of his petition for post-conviction relief based upon its filing beyond the statute of limitations. He argues that due process considerations tolled the limitations period of Tennessee Code Annotated section 40-30-102(a) and that the trial court erred in dismissing the petition without an evidentiary hearing. Because the time for filing the petition cannot be tolled under the circumstances presented in this case, we conclude that the petition for post-conviction relief was untimely and we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, and THOMAS T. WOODALL, JJ., joined.

Howard L. Upchurch, Pikeville, Tennessee, for the appellant, Joseph Martin Thurman.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

A Marion County jury convicted the petitioner of first degree murder and arson, and he was sentenced to life in prison for first degree murder and three years for arson, to be served concurrently. This Court affirmed his convictions on direct appeal. See State v. Joseph Martin Thurman, No. 01C01-9706-CC-00231, 1999 WL 173676 (Tenn. Crim. App. at Nashville, Mar. 31, 1999), perm. to appeal denied, (Tenn. Oct. 4, 1999). The petitioner filed a petition for post-conviction relief on

January 18, 2001, and an amendment to the petition was filed November 5, 2001, along with an affidavit executed by the petitioner. The affidavit claimed that his trial attorney failed to communicate the status of the application for permission to appeal to the supreme court and that he did not learn of the supreme court's denial of the application for permission to appeal until June of 2000, when his family contacted another attorney. The State filed a motion to dismiss the petition as untimely. Following a hearing on the motion to dismiss, the trial court dismissed the petition. The trial court found that the statute of limitations for filing the petition for post-conviction relief began to run on October 5, 1999, and expired one year later pursuant to Tennessee Code Annotated section 40-30-102(a). The lower court found that:

> [A]ssuming that the actions or inaction of petitioner's former counsel did in fact result in petitioner not becoming aware of the final actions of the Tennessee Appellate Courts in his case until June of 2000, the petitioner would have still had until the first week of October of 2000 in which to file for post-conviction relief under T.C.A. 40-30-202(a),[1] but did not do so. The Court does not find that the petitioner was deprived of his rights to the due process of law in this case, and that consideration of his petition for post-conviction relief is barred by the limitation period of T.C.A. 40-30-202(a).

The petitioner appeals, arguing that the trial court erred in dismissing the petition without an evidentiary hearing. He claims that he should be entitled to maintain a post-conviction action even though the statutory time to file the petition has expired. For authority, the petitioner relies primarily on Williams v. State, 44 S.W.3d 464, 467-68 (Tenn. 2001) and Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000), in which the supreme court held that the strict application of the statute of limitations applying to post-conviction petitions cannot deny a petitioner the "reasonable opportunity to assert a claim in a meaningful time and manner." The State argues that the petitioner has set forth no factual basis to toll the statute of limitations and that the trial court did not err in dismissing the petition for post-conviction relief. We agree.

In addition to fixing a one-year statute of limitations for the filing of a post-conviction petition, Tennessee Code Annotated section 40-30-102(a) contains a statement of legislative policy with respect to post-conviction proceedings. The statute provides:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or a motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

---

[1]Tennessee Code Annotated section 40-30-202 was renumbered section 40-30-102 in 2003.

Tenn. Code Ann. § 40-30-102(a) (2003).

Thus, it is apparent that the legislature intended to definitively restrict, rather than expand, the time frame within which post-conviction proceedings must be initiated. The only exceptions to the one-year statutory period for filing a petition for post-conviction relief are set forth in Tennessee Code Annotated section 40-30-102(b), and include: (1) claims based on an appellate ruling concerning a constitutional right not recognized at the time of the trial and given retroactive effect by the appellate courts; (2) claims based upon newly discovered scientific evidence which establishes that the petitioner is actually innocent of the crime; and (3) claims which arise out of a situation where the petitioner received an enhanced sentence for a crime based on previous convictions which were later held to be invalid. See Tenn. Code Ann. § 40-30-102(b) (2003). The petitioner herein has not alleged the existence of any of the exceptions embodied in Tennessee Code Annotated section 40-30-102(b).

Further, although the supreme court has also recognized certain narrow factual scenarios in which the application of the one-year statute of limitations would violate a petitioner's due process guarantees, the test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined." Seals, 23 S.W.3d at 278. Additionally, this Court has held that a petitioner's personal ignorance of post-conviction procedures, "even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute" of limitations. State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995). In the case herein, this Court affirmed the petitioner's convictions on March 31, 1999, and the supreme court denied his application for permission to appeal on October 4, 1999. The petitioner learned of the denial of the application for permission to appeal in June of 2000, several months prior to the expiration of the statute of limitations. The petition for post-conviction relief was not filed until January 18, 2001, more than three months after the expiration of the statute of limitations. We conclude that the petition for post-conviction relief was untimely under the circumstances. Accordingly, we affirm the judgment of the trial court dismissing the petition.

 

 

 

JERRY L. SMITH, JUDGE