IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 19, 2017

## SHANTERRICA MADDEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-75377  Royce Taylor, Judge**

_____

### No. M2016-01396-CCA-R3-PC

_____

The Petitioner, Shanterrica Madden, appeals the post-conviction court's dismissal of her petition for post-conviction relief as untimely. The Petitioner contends that due process concerns should toll the one-year statute of limitations to allow review of her underlying claims. Upon review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Wesley Clark, Nashville, Tennessee, for the Petitioner, Shanterrica Madden.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Jennings H. Jones, District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On May 14, 2012, a Rutherford County jury convicted the Petitioner of second degree murder and tampering with evidence for which the Petitioner received an effective sentence of twenty-nine years. See State v. Shanterrica Madden, No. M2012-02473-CCA-R3-CD, 2014 WL 931031 (Tenn. Crim. App. Mar. 11, 2014), perm. app. denied (Tenn. Sep. 18, 2014), cert. denied, 135 S.Ct. 1509 (Mar. 2, 2015) (No. 14-880). This court affirmed her convictions and sentence on direct appeal, and the Tennessee Supreme Court denied permission to appeal on September 18, 2014. Id.. On March 2, 2015, the United States Supreme Court also denied the Petitioner's petition for writ of certiorari. Id.

On March 29, 2016, the Petitioner filed her pro se petition for post-conviction relief.[1]  In her petition, the Petitioner alleged that she received ineffective assistance of counsel, that the evidence was insufficient to support her second degree murder conviction, and that she was denied due process based on impartial treatment towards the defense and improper juror questions.  On March 30, 2016, the post-conviction court found that the Petitioner presented a colorable claim, appointed post-conviction counsel, and ordered the State to file a response.  On April 18, 2016, the State filed a motion to dismiss the petition claiming that the petition was filed outside of the statute of limitations and was time-barred.  The State contended that the one-year statute of limitations for the Petitioner's post-conviction petition began to run on September 18, 2014, when the Tennessee Supreme Court denied her application to appeal.  The Petitioner did not address the statute of limitations in her post-conviction petition and did not file an amended petition.  The post-conviction court held an evidentiary hearing on June 13, 2016.

The attorney who represented the Petitioner at trial and on appeal was deceased at the time of the hearing.  However, trial counsel's widow, who was also co-counsel on the Petitioner's case, testified at the hearing.  Co-counsel testified that trial counsel wrote the Petitioner a letter, dated April 14, 2015, which stated, in pertinent part:[2]

Dear Shanterrica,

Previously, when I sent you the denial from the United States Supreme Court, I failed to inform you that you have one year to file a [p]ost[-] [c]onviction act against [co-counsel] and I.  I am truly sorry that the U.S.S.C. refused to hear your appeal.

….

Upon your receipt and digestion[,] please advise accordingly.

Co-counsel testified that, before trial counsel sent the April 14, 2015 letter, they visited the Petitioner in prison and informed her that "she had a year from the U.S. Supreme Court denial to file her post[-]conviction."  Co-counsel recalled that trial counsel explained to Petitioner what a post-conviction appeal was and "told her to file it."

---

[1] The Petitioner asserts that her post-conviction petition was filed on February 26, 2016, the date listed on her certificate of service and when she gave the petition to prison authorities for mailing.  The petition was not file-stamped until March 29, 2016.  However, the distinction is insignificant since both dates are well past the expiration of the one-year statute of limitations on September 19, 2015.

[2] The letter also contained information regarding a civil case in which trial counsel was still representing the Petitioner.

- 2 -

Co-counsel recalled that the deadline they discussed was in March 2016. Co-counsel said that she was now aware this deadline was incorrect and that the Petitioner's deadline for filing a post-conviction petition was actually September 19, 2015, one year from the Tennessee Supreme Court's denial of her application for permission to appeal. Co-counsel testified that she believed trial counsel "just didn't know" when the statute of limitations began running in Petitioner's post-conviction case.

Co-counsel said that she and trial counsel had complied with the Petitioner's document requests in the past but that the Petitioner did not make any further requests after the letter was sent. Co-counsel said that the Petitioner's case files were extensive, consisting of approximately "10 banker boxes," and she agreed that it would be impossible to keep the files in an ordinary prison cell. However, co-counsel testified that, although the Petitioner did not have access to her full case file, co-counsel and trial counsel sent the Petitioner "legal documents as they would come in." Co-counsel said that the Petitioner also had an ongoing civil case at the time and that it was "really hard for [the Petitioner], I'm sure, to keep up with the volume of information that we were sending." Co-counsel stated that she did not have any further contact with the Petitioner after the letter was sent and that she was likewise unaware of any contact between the Petitioner and trial counsel. Co-counsel denied that she or trial counsel did anything that might have prevented the Petitioner from filing her post-conviction petition aside from giving her the wrong filing deadline.

The Petitioner testified that she began working on her post-conviction petition as soon as she received trial counsel's letter and that it took her ten months to complete. The Petitioner estimated that she worked on her post-conviction petition for three to six hours a day on "two or three days of the week" and that she also received legal assistance with her petition from a prison law clerk. The Petitioner said that she only had about "five . . . manila folders" of legal documents that were mostly related to her civil lawsuits and that she "didn't have all of the information that [she] needed." However, the Petitioner also testified that trial counsel always sent any documents that she requested. The Petitioner testified that the last time she spoke with trial counsel was about a week before she received his letter.

The Petitioner stated that she was unaware that trial counsel could not file her post-conviction petition and that she thought he was going to file the petition "because he was still [her] attorney." When asked whether she wrote to trial counsel requesting that he file her post-conviction petition, the Petitioner said that she was "not sure to be honest." The Petitioner claimed that she did not file her post-conviction petition by September 19, 2015, because trial counsel told her she had until March 2016 to file the petition. The Petitioner agreed that trial counsel did not do anything else to prevent her from filing her petition besides giving her the wrong deadline. The Petitioner disagreed

- 3 -

that trial counsel intentionally gave her the wrong deadline and said, "I think [trial counsel] just simply made a mistake."

The post-conviction court denied relief by order on June 29, 2016. The court found that "[the] Petitioner did not face an extraordinary combination of circumstances that prevented her from filing her post-conviction petition on time." Accordingly, the post-conviction court held that "trial counsel's failure to provide the correct filing deadline is insufficient to justify equitable tolling of the statute of limitations," pursuant to Whitehead v. State, 402 S.W.3d 615 (Tenn. 2013). It is from this order that the Petitioner now timely appeals.

## ANALYSIS

On appeal, the Petitioner concedes that her post-conviction petition was filed outside the statute of limitations but argues that trial counsel's misconduct necessitates tolling the statute of limitations in the interests of due process. The State responds that the post-conviction court properly dismissed the Petitioner's claims as time-barred and that trial counsel's alleged misconduct is not enough to necessitate tolling the statute of limitations in this case.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. Id. § 40-30-102(a). "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. Moreover, "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. If it plainly appears on the face of the post-conviction petition that the petition was filed outside the one-year statute of limitations or that a prior petition attacking the conviction was resolved on the merits, the post-conviction court must summarily dismiss the petition. Id. § 40-30-106(b). "The question of whether the post-conviction statute of limitations should be tolled is a mixed question of law and fact that is . . . subject to de novo review." Bush v. State, 428 S.W.3d 1, 16 (Tenn. 2014) (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011))

Tennessee Code Annotated section 40-30-102(b) provides three exceptions to the statute of limitations for petitions for post-conviction relief: (1) claims based on a final

ruling of an appellate court establishing a constitutional right not recognized as existing at the time of trial and given retroactive effect by the appellate courts; (2) claims based upon new scientific evidence establishing that the petitioner is actually innocent of the conviction offense; and (3) claims seeking relief from a sentence that was enhanced because of a previous conviction and the previous conviction was later held to be invalid. T.C.A. §§ 40-30-102(b)(1)-(3). There is nothing in the record to suggest that any of these exceptions apply to the Petitioner's case.

In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances, including situations where an attorney has abandoned the petitioner or actively lied or misled the petitioner regarding the case. See Whitehead, 402 S.W.3d at 631. To succeed upon such a claim, a petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." Id. The Tennessee Supreme Court emphasized that, "'[i]n every case in which we have held the statute of limitations is tolled, the pervasive theme is that circumstances beyond a petitioner's control prevented the petitioner from filing a petition for post-conviction relief within the statute of limitations' . . . [which still] holds true today." Id. at 634 (quoting Smith, 357 S.W.3d at 358) (emphasis in original). Importantly, due process tolling "'must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Bush, 428 S.W.3d at 22 (quoting Whitehead, 402 S.W.3d at 631-32).

Turning to the present case, we conclude that the Petitioner has failed to put forth facts that amount to "extraordinary circumstances" to justify tolling the statute of limitations. The Petitioner's sole criticism is that her attorney provided her with the incorrect deadline to file her post-conviction petition. However, in Whitehead, the Tennessee Supreme Court noted that trial counsel's failure to accurately inform the client about the applicable statute of limitations, standing alone, was not sufficient to require due process tolling of the statute of limitations. Whitehead, 402 S.W.3d at 632. Additionally, the Petitioner presented no proof that trial counsel led her to believe he was continuing to work on the Petitioner's case or that counsel withheld any documents or case files that she requested. Cf. Whitehead, 402 S.W.3d at 633-34 (reasoning that counsel's "unreasonable delay" in sending the petitioner his files, coupled with other attorney misconduct like the failure to inform the petitioner that his petition for certiorari to the United States Supreme Court had been denied, constituted an "impediment that cannot be fairly attributed" to the petitioner); cf. Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001) (holding that due process may toll the statute of limitations if the petitioner was misled to believe that counsel was continuing the appeals process).

- 5 -

Although the Petitioner claimed that it took her ten months to complete her petition, and while we sympathize with the practicalities of researching and filing a post-conviction petition while incarcerated, this court has previously held that "a petitioner's personal ignorance of post-conviction procedures, 'even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute' of limitations." Joshua Jacobs v. State, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *3 (Tenn. Crim. App. Sep. 15, 2010) (quoting State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995)); see also Marcus Johnson v. State, No. E2013-01464-CCA-R3-PC, 2014 WL 1118018 (Tenn. Crim. App. Mar. 20, 2014) (rejecting a petitioner's claim that he did not have time to properly review his file in three months before the expiration of the post-conviction statute of limitations). We agree with the post-conviction court that the Petitioner had adequate resources and documentation available to determine the correct deadline for filing her post-conviction petition. Accordingly, trial counsel's mistaken advice did not constitute attorney abandonment for purposes of tolling the statute of limitations and did not, by itself, create circumstances beyond the Petitioner's control which prevented timely filing. The Petitioner is not entitled to relief.

## CONCLUSION

Based on the above authority, we affirm the judgment of the post-conviction court.

_____
CAMILLE R. McMULLEN, JUDGE

- 6 -