IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2018

## ADAM NICHOLAS WALLACE v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Scott County**
No. 11178    E. Shayne Sexton, Judge

_____

### No. E2017-02481-CCA-R3-PC

_____

Petitioner, Adam Nicholas Wallace, appeals the Scott County Criminal Court's dismissal of his petition for post-conviction relief from his 2016 conviction for aggravated sexual battery, for which Defendant was sentenced to imprisonment for ten years. The post-conviction court dismissed Petitioner's post-conviction petition as time-barred because it was filed outside the one-year limitations period. On appeal, Petitioner contends that due process requires tolling of the statute of limitations. We disagree. Having reviewed the record and the briefs of the parties, we affirm the post-conviction court's dismissal of Petitioner's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Darlene M. Walker, Knoxville, Tennessee, for the appellant, Adam Nicholas Wallace.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Jared Ralph Effler, District Attorney General; and David Pollard, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Evidence Presented at Hearing*

Petitioner was convicted by a jury of one count of aggravated sexual battery. The trial court sentenced Defendant to serve ten years in the Tennessee Department of Correction. The judgment of conviction was entered on March 14, 2016. Petitioner did not file a motion for new trial or direct appeal of his conviction or sentence. On July 31,

2017, more than one year after Petitioner's judgment became final, Petitioner filed a *pro se* petition for post-conviction relief, alleging that he received the ineffective assistance of counsel at trial. We note that Petitioner filed a second *pro se* petition for post-conviction relief on September 11, 2017; however, the second petition makes no allegations that are new or different from the first petition.

In both of his *pro se* petitions, Petitioner alleged that he made several attempts to contact his trial counsel, and trial counsel did not respond. He alleged that trial counsel failed to file a motion for new trial or a direct appeal of Petitioner's conviction and sentence. Petitioner also generally alleged that trial counsel "failed to adequately investigate the circumstances of [Petitioner's] case and prepare all the defenses [Petitioner] was legally entitled to present." However, Petitioner did not make any specific allegations regarding trial counsel's failure to investigate or prepare for trial.

The State filed a motion to dismiss Petitioner's petition, arguing that the petition was time-barred by the one-year statute of limitations. Appellant was appointed counsel. At a hearing on the State's motion to dismiss, Appellant's counsel conceded that Petitioner's petition was filed more than one year after the judgment became final and that "it doesn't appear that [Petitioner]'s petition would fall into any of those [statutory] categories" to allow for tolling of the statute of limitations. Regarding the reason for the delay in filing his petition, Petitioner testified:

> The reason for the delay in my filing the petition was I had to look up the laws myself for the most part and then when I finally did find a Court or a jailhouse lawyer, he helped me – he helped guide me in the right direction. It took me a while to do this. I'm not a – I'm not a lawyer myself, you know, and law school is about three years, so me doing this was a wonder in my opinion.

On cross-examination, Petitioner acknowledged that he did not write letters to his trial counsel asking trial counsel to file a motion for new trial. He testified that his family members attempted to contact trial counsel and were unsuccessful in their attempts.

Trial counsel testified that following Petitioner's trial, he discussed filing a motion for new trial with Petitioner. He discussed with Petitioner "various issues that might be raised in such a motion for new trial," and trial counsel "expressed [his] opinion at that time, that it would be very difficult to prevail on a motion for new trial." In preparing for Petitioner's sentencing hearing, trial counsel "asked [Petitioner] again, that we need to prepare a motion. If that needs to be done, do you want to do that and [Petitioner] said no." Trial counsel testified that he had no further contact with Petitioner after Petitioner's sentencing and that he did not receive any letters from Petitioner.

The post-conviction court dismissed Petitioner's petition as time-barred, finding that "[P]etitioner failed to demonstrate that the statute of limitations has been tolled by any statutorily recognized exception" and that "[P]etitioner failed to demonstrate any basis to grant equitable or statutory relief to justify the late filing of the Petition for Post-Conviction Relief."

*Analysis*

Petitioner contends that the post-conviction court erred by determining that his petition for relief was untimely. He argues on appeal that due process requires the tolling of the statute of limitations because "his [post-conviction] claim is based upon the denial of a guaranteed constitutional right, namely, the denial of effective assistance of counsel." The State argues that the post-conviction court properly dismissed the post-conviction petition as time-barred. We agree.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a). The post-conviction statute contains a specific anti-tolling provision:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

*Id*.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based on a constitutional right not recognized as existing at the time of trial; (2) when the claim is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense; and (3) when the claim seeks relief from a sentence that was enhanced because of a prior conviction that was subsequently held to be invalid. *Id*. § 40-30-102(b). In addition to

the statutory exceptions, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when a claim for relief arises after the statute of limitations has expired; (2) when a petitioner is prevented by his or her mental incompetence from complying with the statute's deadline; and (3) when attorney misconduct necessitates the tolling of the statute. *Whitehead v. State*, 402 S.W.3d 615, 623-24 (Tenn. 2013). Whether due process requires tolling of the statute of limitations is a mixed question of law and fact which this court reviews de novo. *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011).

A petitioner is entitled to due process tolling upon a showing that he or she has been pursuing his or her rights diligently, and that some extraordinary circumstance stood in his or her way and prevented timely filing. *Id*. This court has rejected a claim for due process tolling based on allegations that a petitioner's trial attorney did not advise him about the right to seek post-conviction relief or the method by which to do so. *See Joseph Nelson v. State*, No. W2012-02234-CCA-R3-PC, 2013 WL 6001955, at *4 (Tenn. Crim. App. Nov. 12, 2013). Similarly, this court has said that a petitioner's ignorance of the existence of the statute of limitations, even if the ignorance resulted from an attorney's negligence in advising the petitioner, does not toll the statute of limitations. *See State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995).

None of the statutory exceptions to the limitations period apply in this case, and there are no general due process concerns that favor equitable tolling. Petitioner's argument that due process requires tolling because he was denied a constitutional right to effective assistance of counsel is unpersuasive. If this court accepted Petitioner's argument, then the statute of limitations would have little or no effect because in order to obtain relief, all post-conviction petitions, timely or untimely, must allege the abridgement of a constitutionally guaranteed right. *See* T.C.A. § 40-30-103. We therefore conclude that the post-conviction court properly dismissed the petition as time-barred.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

---

THOMAS T. WOODALL, JUDGE

- 4 -