IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**PATRICK LEWIS LAFORCE v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Cumberland County**
**No. 5078B    Gary McKenzie, Judge**

———————————————————

**No. E2019-00603-CCA-R3-PC**

———————————————————

The Petitioner, Patrick Lewis LaForce, appeals as of right from the Cumberland County Criminal Court's order summarily denying his petition for post-conviction relief as untimely. The State has filed a motion to affirm by memorandum opinion the judgment of the trial court. Following our review, we conclude that an opinion in this case would have no precedential value and affirm the judgment of the post-conviction court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Patrick Lewis LaForce, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Philip A. Hatch, Assistant District Attorney General.

**MEMORANDUM OPINION**

On October 25, 1999, the Petitioner pleaded guilty in Cumberland County Criminal Court to two counts of felony murder, one count of aggravated burglary, and one count of theft of property valued at $10,000 or more. Pursuant to the plea agreement,

the trial court imposed two life sentences for the felony murder convictions, a ten-year sentence for the aggravated burglary, and a five-year sentence for the theft. The trial court ordered the sentences for the felony murder and theft counts to be served concurrently with one another but consecutively to the sentence for aggravated burglary. Thus, the Petitioner was sentenced to a total effective sentence of life imprisonment plus ten years.

Nearly twenty years later, on January 17, 2019, the Petitioner filed a petition for post-conviction relief alleging that his guilty plea was involuntarily and unknowingly entered as the result of the ineffective assistance of counsel. The Petitioner specifically alleged that trial counsel coerced him into pleading guilty by telling him he would receive the death penalty if convicted at trial and that counsel failed to investigate his mental state at the time of the offenses, which he alleged was impaired by marijuana use. The Petitioner acknowledged that the petition was untimely, but he alleged that the petition was not barred by the one-year statute of limitations because he was "unskilled in the law," was unaware of the limitations period, and his indigency prevented his retaining counsel to file a petition on his behalf. On March 1, 2019, the post-conviction court summarily denied the petition for post-conviction relief, ruling that the petition was untimely and that insufficient grounds for tolling the statute of limitations had been alleged.

The Petitioner filed a timely notice of appeal from the post-conviction court's order denying relief. On appeal, the Petitioner alleges that the post-conviction court erred by summarily denying the petition for post-conviction relief and that due process requires the appointment of counsel to investigate and amend the untimely petition. The State argues that the Petitioner failed to establish grounds for tolling the statute of limitations and that, therefore, the post-conviction court was required to summarily deny the untimely petition. The State asks this court to affirm the judgment of the post-conviction court by memorandum opinion. Tenn. Ct. Crim. App. R. 20.

**Analysis**

Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. However, to obtain relief, the post-conviction petition must be filed "within one (1) year of the date on which the judgment became final." Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a). "Issues regarding

whether due process required the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013) (citing Smith v. State, 357 S.W.3d 322, 355 (Tenn. 2011)). Generally, "appellate courts must defer to a post-conviction court's findings with regard to witness credibility, the weight and value of witness testimony, and the resolution of factual issues presented by the evidence." Id. (citing Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999)).

The Petitioner acknowledges that his post-conviction petition was filed outside the one-year statute of limitations. Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) "[t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted"; or (3) "[t]he claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ." Tenn. Code Ann. § 40-30-102(b). The Petitioner did not allege any of the enumerated reasons for tolling the statute of limitations.

Nevertheless, our supreme court has held that due process may require tolling the statute of limitations in certain situations. Whitehead, 402 S.W.3d at 622-23. Specifically, the court identified the following three circumstances in which due process requires tolling the statute of limitations: (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents compliance with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. Id. at 623-24. Our supreme court has explained that

> [a] petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing. Specifically, the second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true.
>
> In terms of diligence, courts have recognized that due diligence "does not require a prisoner to undertake repeated exercises in futility or to

exhaust every imaginable option, but rather to make reasonable efforts . . . . Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system."

Id. at 631 (citations omitted).

In this case, the Petitioner made no allegation that mental incompetency prevented his timely filing the petition for post-conviction relief. Likewise, he cannot establish that his claims of ineffective assistance of counsel are later-arising claims that require due process tolling. Regarding the Petitioner's complaint that he is unskilled in law and unaware of the statute of limitations, this court "has consistently held that a petitioner's personal ignorance of post-conviction procedures, even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute of limitations." Jarvis Taylor v. State, No. W2014-00683-CCA-R3-PC, 2014 WL 6491076, at *3 (Tenn. Crim. App. Nov. 20, 2014) (internal quotation marks and citation omitted); see State v. Phillips, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995); Frederick D. Deberry v. State, No. W2015-00951-CCA-R3-PC, 2016 WL 369390, at *4 (Tenn. Crim. App. Jan. 29, 2016). Furthermore, the Petitioner made no allegation that any misrepresentations by counsel led him to delay filing his post-conviction petition until almost twenty years after the statute of limitations expired.

Based upon the foregoing, we conclude that the post-conviction court correctly determined that the Petitioner failed to establish a basis for tolling the statute of limitations. The post-conviction was required to summarily dismiss the petition as untimely. Tenn. Code Ann. § 40-30-106(b).

## **Conclusion**

We affirm the judgment of the post-conviction court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
NORMA MCGEE OGLE, JUDGE

- 4 -