IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2021

## ANTONIO DEWAYNE SIVELS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 116379    Kyle A. Hixon, Judge**

_____

### No. E2020-01733-CCA-R3-PC
_____

The Petitioner, Antonio Dewayne Sivels, appeals from the Knox County Criminal Court's dismissal of his petition for post-conviction relief from his 2017 conviction upon his guilty plea to possession of a firearm by a convicted felon, for which he received a twenty-year sentence as a Range I offender.  On appeal, he contends that the post-conviction court erred by summarily dismissing the petition after determining it was untimely. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Antonio Dewayne Sivels.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Charme P. Allen, District Attorney General; and TaKisha Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Guilty Plea Proceedings

The record reflects that on August 29, 2017, the Petitioner entered a guilty plea to possession of a firearm by a convicted felon.  The guilty plea hearing transcript is not contained in the appellate record.  However, the affidavit of complaint and the amended petition for relief filed by post-conviction counsel reflect that the Petitioner was charged with possession of a firearm by a convicted felon and possession of drug paraphernalia and that he pleaded guilty to possession of a firearm by a convicted felon with the criminal gang enhancement, resulting in a conviction for a Class A felony.  At the guilty plea

hearing, the Petitioner likewise "submitted" to a probation violation without contesting the revocation in connection with his attempted second degree murder conviction. The parties agreed that the Petitioner would receive a twenty-year sentence in the present case as a Range I, standard offender and that the sentence would be served concurrently with the attempted second degree murder sentence upon revocation of his probation.

The affidavit of complaint, likewise, reflects that on August 9, 2017, the Petitioner's probation officers found a firearm, ammunition, and drug paraphernalia inside the Petitioner's home and that the Petitioner admitted to possessing the handgun. The affidavit reflects that the search was conducted after probation officers received an anonymous video recording showing the Petitioner in possession of two firearms on August 6, 2017. After the search, the probation officers contacted police officers, who completed the affidavit of complaint based upon information provided by the probation officers.

On September 30, 2019, the Petitioner filed a pro se petition for post-conviction relief, alleging that his conviction was void because his constitutional rights had been violated and that the arrest warrant was invalid because it lacked sufficient legal grounds for an arrest. He asserted that he had not waived his claims because defense counsel's ineffective assistance had prevented him from learning of these issues.

Post-conviction counsel was appointed, and he filed an amended petition for relief on October 23, 2020. The Petitioner conceded in the amended petition that the pro se petition was untimely but asserted that due process required tolling the one-year statute of limitations in which to seek post-conviction relief because of "extraordinary circumstances." The amended petition alleged in addition to the pro se petition that the Petitioner's guilty plea was involuntary based upon the ineffective assistance of counsel because counsel did not advise the Petitioner that a potential claim to suppress the evidence existed.

**Post-Conviction Proceedings**

The post-conviction court held a hearing for the sole purpose of determining whether due process required tolling the statute of limitations. The Petitioner argued that the limitations periods should be tolled because he filed his petition for relief when he learned of defense counsel's ineffective assistance in connection with the search and the arrest warrant. However, the court found that the one-year post-conviction statute of limitations had expired and that no provision for tolling the statute of limitations applied to the Petitioner's case. *See* T.C.A. § 40-30-102 (2018). Thus, the court summarily dismissed the petition as untimely. This appeal followed.

The Petitioner contends that the post-conviction court erred in dismissing his petition. Post-conviction relief is available within one year of the date of a judgment's becoming final. *Id.* § 40-30-102(a). The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." *Id.* The statute provides three exceptions:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id.* § 40-30-102(b)(1)-(3). In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances. *See Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.") (citing *Long v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

When a court receives a post-conviction petition, it must conduct a preliminary review to determine, among other matters, whether the petition is timely and whether it states a colorable claim. T.C.A. § 40-30-106(b), (d) (2018). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." *Id.* at (b).

None of the Petitioner's claims fit within the statutory exceptions to the one-year statute of limitations. *See id.* § 40-30-102(b)(1)-(3). He has not alleged that he is entitled to the protections of a newly established constitutional right, that new scientific evidence establishes his actual innocence, or that his sentence was enhanced based upon convictions that have since been declared invalid. *See id.* Although the Petitioner asserts that he filed his petition for relief upon learning that defense counsel failed to challenge the legality of the search and the arrest, this court has concluded that a petitioner's lack of knowledge regarding potential post-conviction allegations, "even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute [of limitations]." *State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995); *see Jason Earl Hill v. State*, No. E2005-00968-CCA-R3-PC, 2006 WL 389667, at *4 (Tenn. Crim. App. Feb. 16, 2006), *perm. app. denied* (Tenn. Sept. 5, 2006). The Petitioner failed to establish a due process basis to toll the statute of limitations. Therefore, the record supports the post-conviction court's summary dismissal of the petition as untimely. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE