IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2023

## STATE OF TENNESSEE v. AHMED G. MOHD ALKHATIB

**Appeal from the Criminal Court for Davidson County**
**No. 2006-A-793    Monte D. Watkins, Judge**

_____

### No. M2022-01325-CCA-R3-CD

_____

The Petitioner, Ahmed G. Mohd Alkhatib, appeals from the Davidson County Criminal Court's dismissal of his motion to vacate his 2006 guilty-pleaded convictions for two counts of facilitation of the delivery of marijuana, for which he received an effective eleven-month, twenty-nine-day sentence.  The post-conviction court treated the motion as a petition for post-conviction relief.  On appeal, the Petitioner contends that the court erred by dismissing the petition after determining it was untimely.  We affirm the judgment of the post-conviction court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and J. ROSS DYER, JJ., joined.

Chris D. Fisher, Murfreesboro, Tennessee, for the appellant, Ahmed G. Mohd Alkhatib.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Macy Pesavento, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record reflects that on May 25, 2006, the Petitioner entered guilty pleas to two counts of facilitation of the delivery of marijuana.  At the guilty plea hearing, the State indicated that members of a drug task force conducted an undercover investigation in which a confidential informant purchased marijuana from the Petitioner.  The Petitioner acknowledged to the trial court that he understood the charges against him, that he was not suffering from mental health concerns, that he was satisfied with his representation, that he was knowingly giving up his right to a jury trial, and that he understood that his convictions would be on his record.   The Petitioner also indicated that his counsel answered all his

questions relative to his plea petition. The Petitioner did not have any questions for the court.

The Petitioner claims that in August 2007, three months after the expiration of the one-year limitations period for post-conviction relief, he filed a pro se motion to vacate, a copy of which is not in the record. However, the Petitioner claims that he retained counsel, who failed to appear for a hearing on the motion resulting in the motion being stricken from the docket. A second motion to vacate was filed over fourteen years later, on January 10, 2022. In the second motion, the Petitioner alleged the ineffective assistance of counsel based on his trial counsel's advice that the Petitioner's guilty plea would have no effect on his immigration status and that counsel's misstatement of the law necessitates tolling the statute of limitations on due process grounds.

Based on the Petitioner's allegations, the trial court treated the Petitioner's motion to vacate as a post-conviction petition. *See R.B. Toby v. State,* No. E2000-03127-CCA-R3-PC, 2002 WL 31026968, at *1-2 (Tenn. Crim. App. Sept. 11, 2002) (the trial court property treated the petitioner's motion to vacate as a petition for post-conviction relief); *Dennis R. Bolze v. State*, No. E2018-01231-CCA-R3-PC, 2019 WL 1988679, at *2 (Tenn. Crim. App. May 6, 2019) (the trial court treated the petitioner's motion to vacate judgment, expunge conviction, and seal the records as one for post-conviction relief).

On April 6, 2022, the post-conviction court entered an order denying relief for the ineffective assistance of counsel claim and reserved ruling as to whether due process should toll the statute of limitations as a result of the Petitioner's claim that former counsel failed to appear in 2007 for the first motion's hearing. The court found that statutory tolling did not apply because there was "no newly recognized constitutional right that is applied retroactively, no new scientific evidence in Petitioner's case, and no prior convictions have been held invalid." *See* T.C.A. § 40-30-102(b) (2018). The court noted that *Padilla v. Kentucky*, 559 U.S. 356 (2010), requiring counsel to advise a defendant of the consequences a guilty plea would have on his immigration status, did not apply retroactively, and the court cited to *Rene S. Guevara v. State*, No. W2011-00207-CCA-R3-PC, 2012 WL 938984, at *3 (Tenn. Crim. App. Mar. 13, 2012), *perm. app. denied* (Tenn. Aug. 16, 2012). However, the court found that further testimony was needed regarding whether the Petitioner diligently pursued his rights or whether the Petitioner's former counsel abandoned the Petitioner or acted in a way directly adverse to the Petitioner's interest, either of which could result in due process tolling of the statute of limitations.

At an August 26, 2022 hearing to determine whether due process required tolling, the Petitioner did not present evidence regarding due process tolling. Rather, he renewed his ineffective assistance of counsel claim by citing to two Model Rules of Professional Conduct in effect before *Padilla* was decided. The Petitioner argued that trial counsel's failure to advise the Petitioner that a guilty plea could affect his immigration status fell

below the objective standard of reasonableness for attorney conduct as required by the model rules and required reversal.

Trial counsel testified that although he did not specifically recall advising the Petitioner in 2006 about the plea's impact on the Petitioner's immigration status, counsel's practice was to inform clients that a plea could have adverse consequences on immigration status. Counsel stated that he had no reason to believe that he would have varied from his normal practice in this case.

The Petitioner explained to the trial court that he was born and raised in Kuwait, that he considered himself a Palestinian refugee, and that as a result of his conviction neither Palestine nor Kuwait would allow him entry. Defense counsel noted that the Petitioner had been detained by immigration authorities, deported and then returned, and lived under the threat of deportation.

The post-conviction court denied relief finding that it did not have jurisdiction because the evidence failed to meet any of the standards for tolling the statute of limitations for post-conviction relief. This appeal followed.

The Petitioner contends that the post-conviction court erred in denying relief because (1) his attorney's failure to advise him that his guilty plea could affect his immigration status constitutes constitutionally ineffective representation; (2) the *Padilla* holding should be applied retroactively; and (3) his judgments are void, as he did not enter knowing, voluntary, and intelligent guilty pleas. The State counters that the court correctly denied relief for a lack of jurisdiction because the Petitioner filed his petition outside the statute of limitations period and because the Petitioner failed to demonstrate he was entitled to due process tolling of the statute of limitations. We agree with the State.

Post-conviction relief is available within one year of the date of a judgment's becoming final. *Id.* § 40-30-102(a). The Post-Conviction Procedure Act states, "Time is of the essence of the right to file a petition for post-conviction relief . . . , and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." *Id.* The statute provides three exceptions:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state

appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id*. § 40-30-102(b)(1)-(3). In addition to the statutory exceptions, due process may require tolling the statute of limitations in certain circumstances. *See Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) ("[D]ue process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.") (citing *Long v. Zimmerman Brush Co*., 455 U.S. 422, 437 (1982)).

When a court receives a post-conviction petition, it must conduct a preliminary review to determine, among other matters, whether the petition is timely and whether it states a colorable claim. T.C.A. § 40-30-106(b), (d) (2018). "If it plainly appears from the face of the petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations . . . the judge shall enter an order dismissing the petition." *Id*. at (b).

The Petitioner alleges that he filed his first motion to vacate his convictions in August 2007, three months after the one-year statute of limitations expired, and his second motion over fourteen years after the one-year limitation period expired. None of the Petitioner's claims for tolling the statute of limitation fit within the statutory limitation exceptions. He has not alleged that he is entitled to the protections of a newly established constitutional right, that new scientific evidence establishes his actual innocence, or that his sentence was enhanced based upon convictions that have since been declared invalid. *See id.* § 40-30-102(b)(1)-(3).

The Petitioner alleges that trial counsel's failure to advise him properly regarding the immigration status implications of his guilty pleas requires tolling the statute of limitations on due process grounds. In the context of whether an attorney's negligent advice tolls the statute of limitations for a post-conviction claim, our supreme court has said that "[a] petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance

-4-

stood in his or her way and prevented timely filing." *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013).

Although the Petitioner asserts that he filed his petition for relief upon learning of trial counsel's inadequate advice, this court has concluded that a petitioner's lack of knowledge regarding potential post-conviction allegations, "even when alleged to stem from an attorney's negligent failure to render advice to the petitioner, does not toll the running of the statute [of limitations]." *State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995); *see Said Laghrab v. State*, No. W2022-00736-CCA-R3-PC, 2023 WL 4623654, at *3 (Tenn. Crim. App. July 19, 2023), *perm. app. denied* (Tenn. Nov. 20, 2023); *Jason Earl Hill v. State*, No. E2005-00968-CCA-R3-PC, 2006 WL 389667, at *4 (Tenn. Crim. App. Feb. 16, 2006), *perm. app. denied* (Tenn. Sept. 5, 2006).

As the Petitioner's claim is based solely on trial counsel's alleged inadequate immigration status advice, the Petitioner has failed to establish a due process basis to toll the statute of limitations. The record supports the post-conviction court's dismissal of the petition as untimely. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE